## 35801.   PARKER *v.* BRYAN.

DECIDED NOVEMBER 23, 1955—REHEARING DENIED DECEMBER 13, 1955.

*Frank M. Gleason,* for plaintiff in error.

*G. W. Langford, Shaw & Shaw, Painter & Cain,* contra.

FELTON, C. J. "A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic." *Jackson* v. *Camp & Brown Produce Co.,* 92 *Ga. App.* 359, 363 (88 S. E. 2d 540). This principle applies in the instant case where, because of his speed and his proximity to the preceding car, the defendant lost control of his car in an attempt to avoid a rear-end collision with the preceding car. Also see Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 585 (Code, Ann. Supp., § 68-1641 (a)).

In the case of *Fletcher* v. *Abbott,* 92 *Ga. App.* 364 (88 S. E. 2d 445), the plaintiff alleged that the defendant was following a pick-up truck at a distance of 55 feet and at a speed of 50 miles per hour and had been doing so for a distance of three miles; that the pick-up truck suddenly and without warning stopped, and the defendant, in order to avoid colliding with the rear of the truck, drove to his left and across the center line of the highway coming to a stop with the front of his car about three feet over the center line; that a car approaching from the opposite direction at a speed of not less than 80 miles per hour collided with the defendant's car, the collision causing the damage sued for. The court held that the petition setting out such facts alleged a cause of action against the defendant for gross negligence.

It is contended that since the petition alleges that the exact distance between the defendant's car and the car he was following was unknown, the petition fails to allege that the defendant was following in too close proximity to the preceding car. While the exact distance is not alleged, it was alleged that the Upshaw

car was "immediately preceding" the defendant's car, and we think the allegation that when the preceding car suddenly slowed down, the defendant, because of his speed, in order to avoid striking the preceding vehicle, attempted to go around such vehicle and in such attempt lost control of the car, warrants the statement that the defendant was traveling in too close proximity to the preceding car for the speed he was traveling. Actually, the farther you place the defendant's car in the rear of the preceding car the more it militates against him because the farther back he was the more negligent he was in not stopping or avoiding losing control of his car.

It is true that the mere violation of a speed law or excessive speed in and of itself does not amount to gross negligence, but such violation or excessive speed coupled with other circumstances may amount to gross negligence. Some such instances are excessive speed and following too closely behind a preceding vehicle, excessive speed without keeping a proper lookout, excessive speed under existing conditions of the road, traffic, weather, etc.

Under the allegations of the petition in this case, the question of whether the defendant was guilty of gross negligence is one for a jury's determination.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*