38613. MARSH v. HARGROVE *et al.*

DECIDED MARCH 7, 1961.

*Brannen, Clark & Hester, H. Sol. Clark*, for plaintiff in error.
*Cheatham, Bergen & Sparkman, Joseph B. Bergen, Kirk Mc-Alpin*, contra.

NICHOLS, Judge. 1. Without quoting the entire petition the pertinent portions of count 2, excluding allegations as to jurisdiction and the plaintiff's injuries, were substantially as follows: The plaintiff was a guest in the Marsh station wagon, the host driver was driving in a northerly direction on East Broad Street in Savannah, Georgia, and the ranch wagon was being driven in a southerly direction on said street, "that at the time and place aforesaid, the defendant Gladys Marsh, upon approaching the intersection of Gaston Street with East Broad Street, and before reaching the center of said intersection, made a left turn and without first stopping to allow oncoming traffic to pass, as required by law, and crossed the center line of the said East Broad Street contrary to law, in an attempt to enter the said Gaston Street so as to travel in a westerly direction, with-

out first being assured the path of travel in said intersection was clear, and without keeping a proper lookout, as required by law, so as to see the oncoming vehicle driven by the aforesaid Ormond W. Stephens, [the corporate defendant's driver], which was in clear view, and to be certain that the oncoming vehicle driven by the aforesaid Ormond W. Stephens would not be in said path, and said defendant failed to give a left turn signal as required by law, and to blow her horn as required by law. That at the time and place aforesaid, the vehicle then and there being operated by Ormond W. Stephens for the defendant Southeastern Radio Parts Company was being driven at a high and illegal rate of speed, namely; forty-five miles per hour, which was greatly in excess of the zone limit for said area which was a school zone namely; fifteen miles per hour, in violation of § 22-101 of the Code of the city of Savannah, Georgia, adopting and incorporating by reference § 68-1626 (a) Ga. Code Anno., requiring a speed that is reasonable and prudent under the conditions and in regard to the actual and potential hazards, and in violation of § 22-115 (a) of the Code of the city of Savannah, Georgia, designating the speed limit on the aforesaid East Broad Street north of the south line of the aforesaid Gaston Street to be twenty-five miles per hour, and said driver failed to keep a proper lookout as required by law, to notice the vehicle occupied by plaintiff, which was in clear view, and turning into the aforesaid intersection, and failing to blow his horn as required by law, and the said driver failed to slow down the said defendant's vehicle as it approached said intersection and failed to go around the vehicle in which plaintiff was then and there riding, so as to avoid colliding with said vehicle; and the vehicle being driven by the said Ormond W. Stephens was completely out of control, contrary to law, as said driver then and there had a clear chance of avoiding the vehicle in which plaintiff was riding, and said driver failed to avoid said vehicle, after said vehicle had entered said intersection. That by reason of the foregoing facts, and as a proximate result of the carelessness, recklessness and negligence and negligence per se of the agent, employee and servant of the defendant Southeastern Radio Parts Company, and the carelessness,

recklessness, negligence per se and gross negligence of the defendant Gladys Marsh, in the operation of the aforesaid respective vehicles, upon reaching the approximate center of the intersection of Gaston Street with East Broad Street, collided into and against each other, thus concurrently causing plaintiff to be forcibly and violently thrown about and into the interior structure of the automobile in which she was riding."

In its ruling on the demurrers of the defendant Marsh the trial court cited and relied upon the decision of this court in *Parker v. Johnson*, 97 Ga. App. 261 (102 S. E. 2d 917), where it was said " 'Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury and related questions are for the jury alone, and the courts will decline to solve such questions on demurrer or by a decision on the general grounds of the motion for new trial except in plain, palpable, and indisputable cases.' *Brown v. Binns*, 87 Ga. App. 485 (2) (74 S. E. 2d 370) ; *McGowan v. Camp*, 87 Ga. App. 671, 674 (75 S. E. 2d 350). Gross negligence is the failure to exercise slight diligence. Slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. *Code* § 105-203." In that case it was held to be a question for the jury as to whether the host driver was guilty of gross negligence in suddenly reducing her speed from 40 miles per hour to 5 miles per hour in preparing to make a left turn into a private driveway, and another automobile, driven by another defendant, was allegedly being driven too fast and following too close, crashed into the rear of the host automobile. In *Fletcher v. Abbott*, 92 Ga. App. 364, 366 (88 S. E. 2d 445, it was said, "It may be gross negligence for one to hit a plainly visible lighted object in the road at night. *West v. Rosenberg*, 44 Ga. App. 211 (1) (160 S. E. 808). This court does not think it should be said as a matter of law that it cannot be gross negligence for one to hit a plainly visible vehicle under like circumstances because of lack of control over one's automobile, although the vehicle has made a sudden stop, as this would be a jury question and depend on all the circumstances of the case. If that is so, it may be argued with even greater

propriety that we should not say as a matter of law that it is not gross negligence, under the same circumstances, to turn directly into the path of an oncoming vehicle. Where the minds of reasonable men may disagree as to whether or not an act constitutes negligence, and, if negligence, what degree of negligence the act constitutes, this is a jury question. *Jordan v. Lee,* 51 Ga. App. 99 (2) (179 S. E. 739); *Georgia Power Co. v. Blum,* 80 Ga. App. 618 (2) (57 S. E. 2d 18)."

The defendant Marsh was charged with various acts of negligence per se (see *Code Ann.* §§ 68-1716 (a), 68-1647, 68-1648 and 68-1649), which were alleged to be gross negligence. "Be it remembered that the petition is being considered on general demurrer, and also that the question is not whether the defendant was in fact guilty of gross negligence, but is whether upon proof of the allegations of the petition, without more, a jury would be authorized to find that he was negligent in that degree." *Smith v. Hodges,* 44 Ga. App. 318, 321 (161 S. E. 284). Nor can it be said under the allegations of the petition that the sole proximate cause of the collision was the negligence of the codefendant. The trial court did not err in overruling the general demurrers of the defendant Marsh.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*