38944, 38958.   WOOD *et al.* v. OLSON  (two cases).
38956, 38957.   WOOD *et al.* v. WALTON  (two cases).

Decided September 6, 1961.

*Anderson & Sanders, W. J. Neville, Cohen Anderson, Faye Sanders, Kirk McAlpin, Frank W. Seiler, Bouhan, Lawrence, Williams, Levy & McAlpin,* for plaintiffs in error.

*Lanier & Lanier, Robert S. Lanier,* contra.

HALL, Judge. When facts alleged as constituting gross negligence are such that there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury. *Fletcher v. Abbott,* 92 Ga. App. 364 (88 SE2d 445); *Parker v. Bryan,* 93 Ga. App. 88, 96 (91 SE2d 49); *Youngblood v. Ruis,* 96 Ga. App. 283, 290 (99 SE2d 714); *Blunt v. Spears,* 93 Ga. App. 623, 632 (92 SE2d 573); *Austin v. Smith,* 96 Ga. App. 659, 663 (101 SE2d 169). The above allegations do not show these to be plain and indisputable cases in which the court may solve the question as a matter of law. We cannot say that the jury could not consider that the facts alleged amounted to a lack of even slight care for the guest passenger. *Smith v. Hodges,* 44 Ga. App. 318 (161 SE 284); *Austin v. Smith,* supra; *Parker v. Johnson,* 97 Ga. App. 261, 262 (102 SE2d 917).

The law requires that, unless the pleaded facts *demand* an inference of gross negligence, the petition of a guest passenger to withstand general demurrer must allege that the facts amount to gross negligence. The case of *McBee v. Williamson,* 96 Ga. App. 859 (101 SE2d 910), cited by defendants, so holds, and it is distinguished from the present case in that the allegations there did not meet this requirement.

The strongest case relied on by the defendants, to support the contention that the allegations set out above could not be considered gross negligence, is *Tucker v. Andrews,* 51 Ga. App. 841 (181 SE 673), where it was held error to overrule the defendant's motion for nonsuit. The reasons stated for that decison are that the only proof showing negligence was that the host driver's

attention was distracted for not more than three seconds by an incident in the back seat where small children were riding, and there was nothing which indicated an indifference of the host driver to the duty owed the guest.

The overruling of defendant's general demurrers was not error.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*