### 40565. HALL v. FIELDS.

FRANKUM, Judge. The sole question presented by the assignment of error in this case is whether the evidence adduced on the defendant's motion for a summary judgment demanded a finding that the defendant was not guilty of gross negligence. The decision of this question turns solely on the question of whether the evidence before the court, if presented to a jury, would have authorized a jury to find that the defendant entered the intersection where the collision occurred in violation of a traffic control signal light. The evidence shows that the plaintiff was riding as a guest passenger on the rear seat of the defendant's automobile; that the defendant had driven with her riding as such passenger from Jacksonville, Florida, to Savannah, Georgia, and that he had driven in a careful and prudent manner at all times prior to the collision. The plaintiff, in her deposition, testified merely that she did not observe the traffic control light until after the vehicle had entered the intersection, and that when she did first observe the light it was amber for the direction in which the defendant was traveling. The defendant, in his affidavit in support of his motion for a summary judgment, stated that he was pro-

ceeding north along West Boundary Street at about 15 miles per hour, and that a motorist immediately in front of him was completing a left turn into the Louisville Road, and that as he entered the intersection the light was green for him and that his automobile was struck by the automobile driven by his named co-defendant, Cornett, on the right side as he was proceeding through the intersection. The deposition of Cornett, who was named as a defendant but never served, was taken, and he testified that he was proceeding in a westerly direction on the Louisville Road approaching West Boundary Street, and that he first observed the traffic control light when he was 10 to 15 yards from the intersection, and that the light was "green as green could be." No evidence was introduced as to the manner of operation of the traffic control light, as to whether the light was operating properly or in what sequence the various colored lights were displayed by the device. While there was some conflict in the evidence, a jury would have been authorized to find that the defendant Fields could have observed the approach of the vehicle driven by his co-defendant, Cornett, prior to entering the intersection, and this evidence, when considered in connection with the alleged extent and severity of the plaintiff's injuries and the fact that the automobile driven by the defendant Fields was shown to have been moved sideways about one foot by the impact of the two vehicles, would have authorized a jury to infer that the automobile driven by the defendant Cornett was approaching at a rapid and excessive rate of speed. Even if it should be held that mere disobedience of the command of a traffic control device standing alone would not constitute gross negligence, yet, if one knowingly drives an automobile into an intersection in violation of a traffic control device at a time when he would not be able to clear the intersection before a rapidly approaching automobile on an intersecting street arrived in the intersection, the entry into the intersection may amount to gross negligence. Under these circumstances we cannot say, as a matter of law, that a jury, upon consideration of such evidence and in resolving the conflicts therein, would not have been authorized to infer that the defendant Fields entered the intersection in disobedience of the traffic signal and to find that he was guilty of gross negligence in so doing. Whether under such circumstances his entry into the intersection amounted to gross negligence is solely a ques-

tion for the jury to determine, and the trial court erred in granting a summary judgment to the defendant.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

DECIDED APRIL 10, 1964.

*Richardson & Doremus, Ogden Doremus, Stanley Karsman,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* contra.