43649, 43650.   YOUNG v. REESE et al. (two cases).

ARGUED MAY 7, 1968—DECIDED JUNE 28, 1968.

*Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed,*
*E. D. Fulcher, A. Montague Miller,* for appellant.

*Randall Evans, Jr.,* for appellees.

QUILLIAN, Judge. ■ The first and second enumerations of error complain that the trial judge erred in overruling the defendants' general demurrer, and later motion to dismiss, to the petition as amended. The appellants, defendants in the court below, contend that the petition fails to allege facts sufficient to show gross negligence on the part of the individual defendant James Young, III. In support of this contention they cite *Hopkins v. Sipe,* 58 Ga. App. 511, 513 (199 SE 246) and *Hennon v. Hardin,* 78 Ga. App. 81, 83 (50 SE2d 236), which hold that mere excessive speed or other violation of the law is not sufficient in itself to constitute gross negligence.

Even assuming arguendo that we must apply the law prior to the Civil Practice Act (but see *Hill v. Willis,* 224 Ga. 263,

264 (161 SE2d 281)) and thus strictly construe the pleadings when tested on general demurrer, we cannot agree with the contention made. While it is true, as the appellants insist, that the mere violation of a speed law or excessive speed in and of itself does not amount to gross negligence, such violation or excessive speed coupled with other circumstances may amount to gross negligence. *Parker v. Bryan,* 93 Ga. App. 88, 91 (91 SE2d 49). As pointed out in *Moore v. Bryan,* 52 Ga. App. 272, 282 (183 SE 117), "while simply operating an automobile in violation of the speed laws would not necessarily as a matter of law be gross negligence, still an automobile can be operated in such a manner and at such an excessive and dangerous rate of speed, say 70 miles an hour, as to be out of control of the driver, and, under the circumstances of the particular case, to present a jury question as to whether or not the driver was guilty of gross negligence." See *Hennon v. Hardin,* 78 Ga. App. 81, 83, supra; *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159, 167 (6) (91 SE2d 135).

The instant pleading contains many averments of negligence in addition to mere excessive speed. These facts as alleged are, at least, sufficient to come within the ruling that "when facts alleged as constituting gross negligence are such that there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury." *Wood v. Olson,* 104 Ga. App. 321, 322 (121 SE2d 677); *Marsh v. Hargrove,* 103 Ga. App. 264, 267 (118 SE2d 866); *Wright v. Lail,* 105 Ga. App. 261, 265 (124 SE2d 487).

Thus, the facts alleged relative to the defendants' gross negligence were sufficient to raise a jury question and were not subject to a general demurrer. Moreover, since under the Civil Practice Act a motion to dismiss should not be granted unless "the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim," (*Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260)) the instant motion to dismiss was without merit.

■ The remaining enumerations of error relate to the order of the trial judge which denied the motion for summary judgment. There was no order within 10 days certifying that it should be subject to review. However, the appellant argues that since the appeal was taken from the final judgment, in this instance the overruling of the general demurrer to the complaint, the order overruling the motion for summary judgment could be considered. In this respect he relies on *Code Ann.* § 6-701 (Ga. L. 1965, p. 18) which provides that when appeal is properly taken from an appealable judgment, "all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final, or was appealable by some other express provision of law contained in Paragraph (a) above, or elsewhere."

The Georgia Civil Practice Act of 1966 as amended in 1967 (*Code Ann.* § 81A-156 (h)) provides: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal; but an order denying summary judgment is not subject to review by direct appeal or otherwise, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal." Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238. In construing the legislative history of this provision in the Summary Judgment Act the Supreme Court in *Hill v. Willis*, 224 Ga. 263, 266, supra, held: "The Act of 1959, supra, expressly provided that a judgment denying a summary judgment was not reviewable. Then the Appellate Practice Act of 1965, supra, as the last expression of the legislature at that time permitted such a review. Now, however, the Civil Practice Act (Ga. L. 1966, p. 609) as amended by the Act of 1967 (Ga. L. 1967, pp. 226, 238; *Code Ann.* § 81A-156 (h)), permits appeals from judgments denying summary judgments only by direct appeal

and only when within ten days from such judgment the trial court certifies that such judgment should be subject to review."

In the case of *McLeod v. Westmoreland*, 117 Ga. App. 659 (161 SE2d 335) this court has pointed out that the Civil Practice Act, being the last expression of legislative intent, controls as to the appealability or reviewability of a motion for summary judgment. This position is strengthened by the fact that the 1968 Act amending Section 1 (a) of the Appellate Practice Act of 1965 (*Code Ann.* § 6-701 (a)) now provides: "Review of orders and judgments with respect to motions for summary judgment shall be governed by Section 56 (h), as amended, of the Georgia Civil Practice Act, approved March 18, 1966 (Ga. L. 1966, p. 609), as amended."

Therefore, since there was no certificate by the trial judge that the instant order for summary judgment should be subject to review, this court cannot review that order "by direct appeal or otherwise."

■ Since the ruling on the appeal in Case 43649 disposes of all the issues in Case 43650, the appeal in Case 43650 is dismissed.

*Judgment affirmed in Case 43649; appeal dismissed in 43650. Bell, P. J., and Hall, J., concur.*