## 44692. WILLIAMS v. ROSS et al.

DEEN, Judge. This appeal involves cases prosecuted by Maggie Ross and her husband against Louise Williams, driver of an automobile in which she was a guest passenger, and the owner, Messex, and seeks the grant of a judgment notwithstanding the verdict in favor of the driver, the jury having found against her but in favor of the owner. The undisputed evidence shows that Mrs. Ross requested Mrs. Williams to drive her to an adjoining town; that Mrs. Williams obtained the loan of Messex' automobile for this purpose, that Messex had no knowledge of defective brakes and had just had the automobile inspected; that the brakes had worked properly for

Mrs. Williams during the trip until, on a downgrade within a municipality and at a point where she was about 100 feet or a block from an intersection traffic light showing red against her, traveling at a speed no more than 15 miles per hour, she applied her brakes and they did not hold. Two cars were stopped ahead of her waiting for the light to change. There was traffic in the lane to her left and a high curb on her right. She pumped the brakes, warned the car occupants that the brakes were gone, and then struck the car ahead of her. There was an emergency brake on the automobile, but its condition does not appear, and defendant's testimony was that by the time she had pumped the foot brakes and found they were not going to hold there was no time for her to take any other action.

Our sole question is whether this state of facts authorizes a jury determination of gross negligence on the part of the operator of the vehicle. That it might do so had she had knowledge of any facts to put her on notice of the defective brakes, see *Lawhorn v. Lawhorn*, 115 Ga. App. 197 (154 SE2d 284). Where there is neither knowledge nor facts putting the driver on notice of the existence or possible existence of the defect, the rule is otherwise. *Mathis v. Mathis*, 42 Ga. App. 1 (155 SE 88). "The owner or operator of a motor vehicle has been held not liable under a guest statute or comparable common-law rule for injuries sustained by a gratuitous guest riding therein, as a result of a defect in the steering mechanism, brakes, tires, or door, where the owner or operator had no knowledge of such defective condition, or where his knowledge, in connection with other factors, amounted only to ordinary negligence and not to the gross negligence, wilful or wanton misconduct, or recklessness required by such statute or rule." 8 AmJur2d 77, Automobiles and Highway Traffic, § 519, citing Fleming v. Thornton, 217 Iowa 183 (251 NW 158); Cahalane v. Dennery, 298 Mass. 34 (9 NE2d 396). See also 170 ALR 628 et seq. As stated in *Meeks v. Johnson*, 112 Ga. App. 760, 765 (146 SE2d 121): "Whether or not the host driver failed to exercise ordinary care under the circumstances present here is immaterial, however, for she only owed the plaintiff guest passenger the duty of exercising slight diligence; and in our opinion the facts set forth . . . do not show the absence of that care which every man of common sense, howsoever inattentive he may be, exercises under

the same or similar circumstances or the presence of 'carelessness manifestly materially greater than want of common prudence.' " The only possible negligence of the driver under the admitted emergency situation was in not attempting to take some other step to avoid the collision, such as using the hand brake or trying to steer the car over the high curb to the right. "The fact that defendant was unable to stop the car in the allotted time and distance in his traffic lane according to the normal course in which he was proceeding, so that it was necessary that he take into account theretofore unconsidered factors, make a quick decision on the basis of them and act accordingly if he was to avoid an imminent collision, was clearly indicative of an emergency situation." *Ware v. Alston*, 112 Ga. App. 627, 631 (145 SE2d 721). The defendant here, to be liable, must have failed to exercise even that degree of diligence with which a person, no matter how inattentive, would have reacted to a situation where even a person charged with ordinary diligence is relieved of the consequences of his negligence if for want of proper time he is unable to form a judgment. *Bryant v. Ga. R. &c. Co.*, 162 Ga. 511, 517 (134 SE 319). This defendant reacted immediately by pumping her brakes and warning her passengers. She rejected the alternative courses of turning to the right or left as being more dangerous than continuing ahead. She was not, in the emergency situation and with the scant seconds at her disposal, guilty of gross negligence.

The trial court erred in denying the motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*
Argued September 2, 1969—Decided September 19, 1969.

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper, R. U. Harden*, for appellant.

*Lewis & Lewis, Preston B. Lewis, Jr., Percy J. Blount*, for appellees.