## 44891. THOMPSON v. DEMPSEY.

QUILLIAN, Judge. Mrs. Gay Daniels Dempsey filed a claim against Kenneth E. Thompson for injuries she sustained while riding as a guest passenger in Thompson's automobile. The jury returned a verdict for the plaintiff and the defendant filed a motion for new trial and a motion for judgment n.o.v.

The motions were overruled and the case is here for review. *Held:*

1. The defendant contends that the evidence was insufficient to present a jury question as to whether he was guilty of gross negligence. The evidence revealed that: a truck drove onto the highway into the path of the defendant's automobile; the defendant lost control of the automobile and it left the road and turned over; the place where the automobile left the road was a 50-mile per hour speed zone; a Georgia State Patrolman testified that from his investigation of the physical evidence the defendant's automobile was traveling at an estimated speed of 70 miles per hour and that the defendant lost control of the automobile and ran off the road because he was traveling too fast. The defendant had pled guilty to driving 70 miles per hour in a 50-mile zone. This evidence was sufficient to present a jury question as to whether the defendant was guilty of gross negligence. *Young v. Reese,* 118 Ga. App. 114, 117 (162 SE2d 831); *Moore v. Bryan,* 52 Ga. App. 272, 282 (183 SE 117); *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159, 167 (91 SE2d 135).

The defendant also argues that the plaintiff should be denied recovery because she assumed the risk of the defendant's negligence by voluntarily riding in the automobile and not requesting the defendant to slow down. This contention is without merit. Riding with the driver of an automobile knowing that he is exceeding the speed limit does not as a matter of law amount to a lack of ordinary care, or assumption of risk, as would bar a recovery. *Sparks v. Porcher,* 109 Ga. App. 334, 342 (136 SE2d 153), and cases therein cited.

2. The defendant also enumerates as error the following charge: "I charge you further, gentlemen of the jury, that even when there is knowledge and appreciation of a risk, the plaintiff may not be barred from recovery, where the injuries are not caused by the negligence of the defendant which is assumed by the plaintiff. The fact that the plaintiff is fully aware of one risk, such as the speed at which the car is being driven, does not mean that she automatically assumes another risk of which she is unaware, such as the failure of the driver to watch the road." The instruction was not error because a person only assumes that risk of which he is aware. Jewell v. Schmidt, 1 Wis. 2d 241, 249 (83 NW2d 487); Prosser, Law of Torts, § 67 (3rd Ed.) p. 464.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

SUBMITTED NOVEMBER 5, 1969—DECIDED DECEMBER 2, 1969.

*Jones, Cork, Miller & Benton, E. Bruce Benton,* for appellant.
*Wisse & Kushinka, George Kushinka,* for appellee.