## 44769. OGDEN v. CARTER.

JORDAN, Presiding Judge. This is a personal injury action by a guest in an automobile, Mrs. Elitha Carter, against her daughter, Mrs. Mary Carter Ogden, for injuries resulting from a collision of the vehicle with another at the intersection of State Highway No. 27 and State Highway No. 303 in Brunswick. Mrs. Ogden was proceeding southeastward on State Highway No. 27 and failed to stop at a sign controlling traffic entering the intersection from this direction. The driver of the other vehicle, Richard Dukes, was proceeding northeastward on State Highway No. 303. Traffic proceeding in this direction on this highway is not controlled by any stop sign. Mrs. Ogden's vehicle struck the right front end of the other vehicle. The jury found for the plaintiff, and the defendant appeals from the overruling of a motion for judgment n.o.v., or, in the alternative, a new trial. *Held:*

1. There is no merit in the three enumerated errors of the defendant, as supported by objections in the trial court before verdict, that the giving of three requested instructions by the court, presented the contentions of the plaintiff in an argumentative manner and constituted an expression of opinion. While these instructions do pinpoint three contentions of the plaintiff, failing to stop at a stop sign, failing to stop or yield to traffic on a through highway, and failing to maintain a lookout in the direction of travel, the instructions are couched in language making it clear that the conduct of the defendant in this respect must constitute gross negligence, and are preceded by language making it clear that the jury must make its determinations from the evidence and that it would be the duty of the jury "to determine from all of the circumstances whether the defendant was grossly negligent" and "that while the violation of a traffic regulation is negligence per se, such violation does not necessarily amount to gross negligence."

2. There is also no merit in the enumerated error directed to the overruling of the motion for a directed verdict and the overruling of the motion for judgment n.o.v., or in the alternative, a new trial, argued solely on the basis that the failure to stop for a stop sign does not constitute gross negligence. While we consider it settled law that the *mere* violation of a

traffic regulation does not constitute gross negligence, unless so defined by law, we consider it to be equally well settled that what does constitute gross negligence, in the light of all the circumstances surrounding an admitted violation of a traffic regulation, is ordinarily a jury question, and not one which the courts should undertake to resolve as matter of law. See *Hall v. Fields,* 109 Ga. App. 568 (136 SE2d 529); *Brissette v. Munday,* 115 Ga. App. 131, 136 (153 SE2d 606); *Young v. Reese,* 118 Ga. App. 114 (162 SE2d 831).

The defendant was familiar with the intersection, for she had traveled the route previously and had passed through the intersection earlier in the day on her way to visit a doctor, at which time she had stopped, and only moments before the collision she had passed through the intersection in the opposite direction, at which time she and her mother decided to reverse their direction of travel in order to stop somewhere to eat. She also admittedly knew of heavy traffic conditions at the intersection. Although traveling within the speed limit, she admittedly took no evasive action whatsoever until she had proceeded into the intersection to a point where it was impossible to prevent a collision with an approaching vehicle. Under these circumstances a jury was authorized to determine that she was so inattentive in her conduct as a driver to be guilty of gross negligence.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 4, 1970.

*Zorn & Royal, William A. Zorn,* for appellant.

*W. Glenn Thomas, Sr., J. H. Highsmith, Gordon Knox, Jr.,* for appellee.