## 45456.  MANEES v. SCICCHITANO.

BELL, Chief Judge. Plaintiff, a guest passenger in defendant's car, was awarded damages by a jury for personal injuries. Defendant appealed from the order overruling his amended motion for new trial.

1. (a) The plaintiff as the guest must prove that the defendant was grossly negligent. *Capers v. Martin,* 54 Ga. App. 555 (188 SE 465). Defendant contends that the evidence is insufficient as a matter of law to establish gross negligence. It appears that defendant was proceeeding downhill in Augusta at night toward an intersection and made a left turn into the intersecting street, jumped the curb and struck a utility pole breaking a guy wire approximately 1/2 inch thick attached to the pole. The distance from the corner to the pole was 120 to 130 feet. The investigating police officer who came upon the scene shortly afterwards observed abrasions or skid marks in the roadway which were caused by sideway skid rather than braking action from where the left turn was made to the point where the car jumped the curb. According to the policeman, the defendant stated to him that he made the turn "too fast" traveling at a speed of 40 to 45 miles per hour. The speed limit for this area was 30 miles per hour. In the policeman's opinion, the defendant made his left turn at a speed of 40 to 50 miles per hour and at impact at about 40 to 45 miles per hour. While it is true, as the defendant insists, that excessive speed standing alone is not necessarily gross negligence as a matter of law, excessive speed coupled with other circumstances may be sufficient to present a jury question as to whether defendant was guilty of gross negligence. *Moore v. Bryan,* 52 Ga. App. 272, 282 (183 SE 117); *Parker v. Bryan,* 93 Ga. App. 88, 91 (91

SE2d 49); *Young v. Reese,* 118 Ga. App. 114 (162 SE2d 831). We cannot say that evidence of driving at an excessive speed at night in a downhill direction and making a left turn causing the vehicle to go out of control is insufficient as a matter of law to show gross negligence. The evidence authorizes the verdict.

(b) Plaintiff's proof of his case rested largely on the testimony of the police officer, as plaintiff testified he was asleep at the time. During his cross examination, the written investigative report prepared by the policeman shortly after the collision was shown to be inconsistent with his testimony at trial as to the speed of the defendant's car, the presence of the abrasions in the street, and the gist of defendant's statement to him. Defendant contends that this testimony must be construed strongly against the party offering it relying upon the rule that where a party offers himself as a witness and his testimony is self-contradictory, vague, or equivocal, his testimony is to be construed most strongly against him. *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102). This rule applies only to the testimony of a party to the suit who offers himself as a witness and not to the testimony of a witness who is not a party. *Henry v. Nashville, Chattanooga &c. R. Co.,* 50 Ga. App. 49 (176 SE 906). The question of the weight and credibility of the policeman's testimony was for the jury. *Branan v. LaGrange Truck Lines,* 94 Ga. App. 829 (96 SE2d 364).

2. The jury was instructed that: "If a person is riding in an automobile as the driver's guest, and the guest or passenger has no right to control, direct or govern the operation of the automobile, any negligence on the part of the driver proximately contributing to the collision is not imputable to the passenger or guest." Exception was taken on the grounds that the charge was confusing, misleading, not applicable, and not adjusted to the pleadings and the evidence. We agree that the doctrine of imputable negligence has no application where, as here, a guest seeks recovery from a host driver and there is no evidence that the guest exercised any control over the driver in the operation of the vehicle. *Engle v. Finch,* 37 Ga. App. 389 (140 SE 632); *Hightower v. Landrum,* 109 Ga. App. 510, 516 (136 SE2d 425). However, we fail to see where the defendant was harmed

by the interjection of this inapplicable doctrine into the case. Defendant's argument that the court's use of the term "negligence" in the challenged instruction misled and confused the jury into believing that if the defendant host's negligence was not imputable to the plaintiff guest, plaintiff could recover on the basis of simple negligence in contradiction of the correct standard that gross negligence must be established. The trial judge in his charge instructed the jury that proof of gross negligence was required for recovery for plaintiff. After retiring, the jury on its own motion returned and requested and was given a re-charge on gross negligence. This clearly shows that the jury was cognizant of the degree of negligence that must be found in order for plaintiff to prevail and could not have applied the lesser standard of care.

3. An instruction on future pain and suffering was excepted to on the ground that the evidence does not show "any actual pain and suffering in the future. Disfigurement, yes." The injuries plaintiff suffered included facial lacerations. The trial of this case was held nearly two years after the accident. Plaintiff testified at the trial that he still had three scars on his face which were exhibited to the jury; and that his injuries, which included one laceration whose depth was the complete thickness of his right cheek, were very painful initially but "not so much now." The physical disfigurement to his face would have authorized the instruction, as a deformity or unnatural condition can be considered as an element of pain and suffering. *White v. Knapp,* 31 Ga. App. 344 (7) (120 SE 796). The jury can infer from plaintiff's testimony and the fact that almost two years after the infliction of the lacerations the scars still remain, that his facial disfigurement would continue into the future. See *National Upholstery Co. v. Padgett,* 111 Ga. App. 842 (5) (143 SE2d 494).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
ARGUED JULY 6, 1970—DECIDED OCTOBER 7, 1970.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.
*Allgood & Childs, T. Allen Childs, Jr.,* for appellee.