## 49274. RIGDON v. WILLIAMS.

EBERHARDT, Presiding Judge.

Plaintiff, Mrs. Williams, sued Mrs. Rigdon to recover for injuries sustained when she was riding as a guest passenger in Mrs. Ridgon's car and the car of C. L. Mathis collided with that of Mrs. Rigdon, the defendant, at a street intersection in Jesup. The intersection was controlled by a stop sign and Mr. Mathis testified that he had entered the intersection and that Mrs. Rigdon slowed down at the intersection and then suddenly entered it ahead of him and at a time when he was too close to avoid striking the side of the Rigdon car. On cross examination he was not clear as to whether she stopped or slowed down at the intersection. Mrs. Williams suffered some broken ribs and contends that her injuries aggravated her arthritic condition. The defendant offered no evidence, and moved for a directed verdict, which was denied, and the jury returned a verdict for the plaintiff. Defendant moved for judgment n.o.v. and for new trial in the alternative. These were denied and she appeals. Errors are enumerated on (1) the court's refusal to direct a verdict for the defendant, (2) in partially charging the

rule of Code Ann. § 68-1652 and failing to give the entire section in charge, (3) charging on the award of damages for future pain and suffering which appellant contends was unsupported by any evidence to authorize the charge, (4) charging on the award of damages for future material impairment of any power or faculty, which appellant contends was wholly unsupported by any evidence to authorize the charge. *Held:*

1. The motion for directed verdict, which forms the basis of the motion for a judgment n.o.v., was grounded on the failure of the plaintiff to prove that the defendant was guilty of gross negligence. Plaintiff was a guest passenger in the defendant's car and in order to recover against the host the law requires proof of gross negligence. *Manees v. Scicchitano,* 122 Ga. App. 591 (1) (178 SE2d 262). The evidence as to whether the defendant failed to stop at the stop light as it may have required her to do does become somewhat equivocal when, on cross examination, the witness who had testified as to that fact admitted that due to the passage of time he could no longer be positive in his assertions. While this weakens the testimony, it is still for the jury to say whether there was proof of it. We think that this, coupled with the fact that defendant's car did, as Mr. Mathis testified, pass three cars that had stopped ahead of her and come out into the intersection when Mathis no longer had the time to avoid the collision, carries the issue of whether there was such inattentiveness in entering the intersection as to authorize a finding of gross negligence. Implicit in the verdict returned is that finding. It is true that we have heretofore indicated that the violation of a city ordinance or of the state law as to speed alone, or as to traversing an intersection alone, would not be sufficient to authorize a finding of gross negligence, but rather of ordinary negligence. *Hopkins v. Sipe,* 58 Ga. App. 511, 513 (199 SE 246); *Hennon v. Hardin,* 78 Ga. App. 81, 83 (50 SE2d 236). But we have held that where one of these violations is coupled with other circumstances, such as inattentiveness in driving or keeping a lookout for other traffic, the jury may conclude that it does amount to gross negligence. *Manees v. Scicchitano,* 122 Ga. App. 591, supra. This enumeration is not meritorious.

2. Appellant contends that the court should have charged, in connection with the charge on the duty of a motorist to stop at a controlled intersection, that if the approaching vehicle was not so close as to constitute an immediate hazard, defendant did in fact have the right of way. We do not find the evidence authorizing that charge. The only testimony on the matter was that of Mr. Mathis, who testified that the defendant came out into the intersection in front of him at a time when he was too close to be able to avoid striking the defendant's car in the side. That being the only testimony, we must assume it to have been the case, and thus the Mathis car in those circumstances was too close and did constitute an immediate hazard.

3. Error is enumerated on a portion of the charge which would authorize inclusion in the verdict an amount for future pain and suffering, it being contended that there is no evidence in the record to authorize such a charge. Appellant points out that the plaintiff's assertions of pain were all connected with her osteoarthritic condition, which her physician testified could not be attributed to trauma, or the injuries received in the accident. However, in her own testimony the plaintiff asserted that she had not suffered pain from her arthritis prior to the breaking of her ribs in the accident, but that up to the time of the trial she continued to suffer pain and found it necessary from time to time to stay away from work on account of it.

The evidence of future pain and suffering is meager, particularly when the testimony of her physician is considered. There may be grave doubt that her continuance of pain is attributable to injuries received in the accident. But there is a long line of cases that holds that the jury is authorized, in the light of their own human experience, to accept the testimony of the plaintiff and discount that of the doctor. In the light of these cases we can not say that the charge is wholly without basis.

4. Error is enumerated on a part of the charge that would authorize the jury to consider any future impairment of capacity to earn as a part of the pain and

suffering, again urging a lack of evidence to support it.

We find the situation here much the same as in the Division above. Under the plaintiff's testimony asserting that from time to time she found it necessary to remain away from work because of her condition we can not say that this charge is wholly without basis.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED MAY 7, 1974 — DECIDED MAY 16, 1974 —
REHEARING DENIED JUNE 19, 1974.

*Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Zorn & Royal, William A. Zorn,* for appellee.