50837. BARNUM et al. v. MARTIN.
50881. CITY OF ATLANTA v. MARTIN.

ARGUED JULY 1, 1975 — DECIDED SEPTEMBER 2, 1975 —
REHEARING DENIED SEPTEMBER 17, 1975 —

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Daryll Love,* for appellants (case No. 50837).

*Henry L. Bowden, Ralph H. Witt,* for appellant (case No. 50881).

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., W. Lyman Dillon, Ralph H. Witt, Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Daryll Love,* for appellees.

DEEN, Presiding Judge.

■ In this action by a guest passenger against her host driver, the testimony with regard to the speed of the automobile at the time of the accident was in conflict. It is uncontested however that appellant-Barnum's car left the road and struck a telephone pole and a tree. "Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed." *Shockey v. Baker,* 212 Ga. 106, 110 (90 SE2d 654). The evidence here would clearly support a finding of excessive speed.

However, in Georgia a guest passenger can recover for injuries sustained in an accident only if the host driver is guilty of gross negligence. *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297). It is settled law in this state that mere violation of speed laws alone does not amount to gross negligence. *Peavy v. Peavy,* 36 Ga. App. 202 (136 SE 96). However, speed coupled with other circumstances may amount to gross negligence. *Parker v. Bryan,* 93 Ga. App. 88 (91 SE2d 49). The evidence here is sufficient to support a jury finding that appellant-Barnum was guilty of excessive speed without keeping a proper lookout, excessive speed under existing conditions of the road and inattentiveness in driving. *Rigdon v. Williams,* 132 Ga. App. 176 (207 SE2d 591). "When facts alleged as constituting gross negligence are such that there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury." *Wood v. Olson,* 104 Ga. App. 321, 322 (121 SE2d 677). The argument that it was error to enter judgment on the jury's verdict is without merit.

With regard to the denial of appellant-Barnum's motion for judgment notwithstanding the verdict, "an appellate court must affirm the trial court if there is an issue to be submitted to the jury and any evidence to sustain the verdict." *Simeonides v. Zervis,* 127 Ga. App.

506, 507 (194 SE2d 324). "If the evidence presents jury questions on material issues a motion for judgment n.o.v. will not lie." *Mississippi Tank Co. v. White,* 108 Ga. App. 609 (2) (134 SE2d 66). In the case at bar there were jury questions on material issues and evidence to sustain the verdict on those issues. The verdict being authorized by the evidence, overruling of the motion for judgment notwithstanding the verdict was not error. *Johnson v. Fulmer,* 129 Ga. App. 317 (2) (199 SE2d 639).

■ Appellant bases two enumerations of error upon the trial court's finding of timely ante litem notice to it by appellee. Code Ann. § 69-308 requires such notice to the municipality within six months of the happening of the event upon which such claim is predicated. At the time appellee was injured she was a minor and attained her majority only on the effective date of the Age of Majority Act, Ga. L. 1972, pp. 193-199. We have held that the six-months limitation found in Code Ann. § 69-308 is a statute of limitation. *City of Barnesville v. Powell,* 124 Ga. App. 132, 133 (2) (183 SE2d 55). And where the person to whom the claim belongs is a person under a disability as set forth in Code Ann. §§ 3-801 and 3-1005 the statute of limitation will be tolled until the disability is removed. *Mayor &c. of Athens v. Schaefer,* 122 Ga. App. 729 (178 SE2d 764). Minority is such a disability and a statute of limitation will be tolled until the infant attains majority and becomes sui generis. *Jordan v. Thornton,* 7 Ga. 517. Appellee therefore would have until six months after such time as her disability was removed to give notice to the City of Atlanta. She became sui generis on July 1, 1972, and gave notice on December 29, 1972, within the six-month limit. However, appellee had brought suit through her next friend on the cause of action approximately four years before giving notice to the municipality of her claim. "The appointment of a guardian does not operate to start the statute of limitation running against the minor or the guardian in cases where the title to the cause of action is in the minor." *City of Barnesville,* supra. The statute will not run against a minor represented in litigation by next friend or guardian ad litem. *Shell v. Watts,* 125 Ga. App. 542 (188 SE2d 269). Any doubt that the statute of limitation will not run

against a minor plaintiff who sues through next friend is resolved by our decision in *Jones v. Hartford Acc. &c. Co.,* 132 Ga. App. 130 (207 SE2d 613) where it was held that "the disability of infancy insofar as Code § 3-801 is concerned is *only* removed when the party affected reaches his lawful majority." Id. p. 134. (Emphasis supplied.) Since appellee was a minor when the accident occurred upon which appellant-City of Atlanta's liability is predicated, she had until six months after attaining her majority to give notice to the municipality. This was done. It was not error for the trial court to add appellant-City of Atlanta as a party-defendant nor was it error to hold in the pre-trial order that timely ante litem notice was given.

■ Appellant-City of Atlanta urges that it was error to deny its motions for directed verdict at the close of the evidence, for judgment notwithstanding the verdict and to enter judgment on the jury's verdict.

The applicable statute at the time the accident occurred was Code Ann. § 69-303, since repealed by Ga. L. 1973, pp. 947, 1174. Under the then-applicable law a municipality would be liable for injuries sustained due to defects in construction or repairing of its streets, otherwise only for defects of which it has actual notice or inferred notice due to the length of time the defect existed. The street involved here was constructed by Fulton County and no issue of negligent repair is presented; therefore if appellant-City of Atlanta is liable, it must be due to a defect on its street of which it had actual or implied notice. *City of Atlanta v. Ransom,* 115 Ga. App. 720 (155 SE2d 687). We are called on then to decide whether the evidence warranted a finding of "defect" and adequate notice thereof by the municipality. *Mayor &c. of Macon v. Morris,* 10 Ga. App. 298 (2) (73 SE 539).

The evidence reveals that the street at the site of the accident contains a sharp curve with reverse super-elevation which tends to force cars off the road. The curb was ineffective to guide cars back onto the roadway and there were no warning signs posted. There was testimony that the road design was dangerous and defective. There is no requirement in Code Ann. § 69-303 that "defects" be found in or on the road surface as

appellant-City of Atlanta contends. It has been held that a municipal corporation is required to keep its streets in a "reasonably safe condition for travel by the ordinary modes, and will be liable for damages for injuries sustained in consequence of its derelictions in this regard, *no matter by what cause* the street may have become defective and unsafe, where the city knew or should have known of the defect in time to repair or to give warning of its existence." *City of Atlanta v. Robertson,* 36 Ga. App. 66 (1) (135 SE 445). It has been held that municipalities may be required to properly construct or reconstruct portions of a street to keep it in reasonably safe condition. *City of Atlanta v. Buchanan,* 76 Ga. 585, 589. Permitting an elevation to remain in its streets has been held to be a breach of the municipal duty to keep its roadways in a safe condition. *Mayor &c. of Americus v. Gartner,* 10 Ga. App. 754 (74 SE 70). The streets of a city should be graded so as to be reasonably safe for travel, and this may require the erection of guardrails or barriers to prevent injury. *Wilson v. City of Atlanta,* 60 Ga. 473 (2). The absence of lights or other safeguards at a dangerous point may be considered in determining whether a municipality was negligent in failing to keep streets in a reasonably safe condition. *Hall v. City Council of Augusta,* 49 Ga. App. 77 (174 SE 172). From these cases it is clear that "defect" is not limited to those occurring on the road surface or the immediate environs but can include design characteristics. The evidence would support a jury finding of failure to maintain the street in question in a safe condition.

"The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). An appellate court will affirm the denial of a motion for judgment notwithstanding verdict if there is an issue to be submitted to the jury and any evidence to support the verdict. *Mass. Bonding &c. Co. v. Bins &c. Co.,* 100 Ga. App. 847 (112 SE2d 626). Here there was a conflict in the evidence and whether the municipality was negligent or not was a jury question. *Mayor &c. of Buford v. Medley,* 58 Ga. App. 48 (1) (a) (197 SE 494). This being the case, it was

not error to deny appellant-City of Atlanta's motion for directed verdict and for judgment notwithstanding the verdict. There being sufficient evidence to sustain the jury's verdict, it was not error to enter judgment on that verdict.

*Judgment affirmed. Evans and Stolz, JJ., concur.*