### 54736. BAILEY et al. v. WINKLER.

BANKE, Judge.

The plaintiff was injured when his motorcycle collided with an automobile driven by one of the defendants. He won a jury verdict against them, giving rise to this appeal.

1. The trial court did not err in charging the jury on the issue of gross negligence. There was evidence to indicate that the defendant automobile driver motioned for the plaintiff to come up alongside his car and was aware that the passengers in the car were also doing so. When the plaintiff did drive alongside the automobile, it veered into him, causing him to lose control of his motorcycle. This evidence, although disputed, was amply sufficient to place the issue of gross negligence before the jury. See generally *Cobb v. Coleman,* 94 Ga. App. 86, 90 (3) (93 SE2d 801) (1956); *Marsh v. Hargrove,* 103 Ga. App. 264 (118 SE2d 866) (1961).

2. It was not error to allow the plaintiff to testify that the driver and passengers in the automobile "started motioning me to come up beside 'em." "The plaintiff was not testifying as to an ultimate fact but, rather, was relating a conclusion as to his opinion or belief based upon specific facts to which he had testified and upon which his opinion was based." *Adams v. Adams,* 213 Ga. 875, 877 (102 SE2d 566) (1958). See *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (5) (130 SE2d 355) (1963). The plaintiff had testified in detail as to what signals were given, and he was entitled to state how he interpreted them.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED JANUARY 30, 1978.

*Kinney, Kemp, Pickell, Avrett & Sponcler, John T. Avrett,* for appellants.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, J. Raymond Bates, Jr., Warren N. Coppedge, Jr.,* for appellee.