## 57700. CARTER v. NEAL et al.

SHULMAN, Judge.
Plaintiff-appellant was a passenger in defendant-Neal's automobile when it collided with a vehicle driven by co-defendant Moody. Plaintiff brought suit against Neal and Moody for damages she allegedly sustained as a result of the collision. From a judgment in favor of both defendants, plaintiff appeals. We affirm.

1. Appellant, submitting that the evidence demanded a finding that she was an invitee and not a guest passenger at the time of the collision, contends that the trial court erred in charging the jury on the guest passenger rule. We must take issue with appellant's contentions.

The evidence presented on the issue of plaintiff's passenger status was conflicting. Plaintiff's testimony

that she had come to visit her brother, defendant-Neal, in order to help care for Neal's sick wife, supports her contention that she was an invitee whose presence in defendant-Neal's automobile, by his invitation, was for the purpose of conferring a substantial benefit upon him. However, plaintiff also testified that Neal had not specifically asked for her help; that she had neither been promised nor had she received compensation for her services; and that appellee-Neal had not agreed to furnish her with transportation. Thus, while there is some evidence that plaintiff was an invitee, the evidence also supports defendant-Neal's contention that plaintiff was a gratuitous passenger in Neal's automobile, riding for her own benefit.

Moreover, the collision took place after plaintiff had allegedly bestowed the benefit upon Neal of visiting his sick wife. "One who has previously bestowed a benefit upon the driver but whose presence as a passenger was not an exchange for or a necessary condition to a prior benefit is not [necessarily] an invitee by reason of a prior benefit." *Wright v. Dilbeck,* 122 Ga. App. 214, 225 (176 SE2d 715).

Thus, as the evidence as to whether plaintiff was an invitee or a guest passenger in defendant-Neal's automobile was in dispute, the trial court did not err in submitting the issue to the jury for resolution. *Wright,* supra.

2. Appellant contends that as the evidence of defendant-Neal's negligence is "plain, palpable and indisputable" (see *Ellington v. Tolar Construction Co.,* 237 Ga. 235 (227 SE2d 336)), the court erred in failing to direct a verdict in her behalf. We disagree.

We held in Division 1 that the evidence offered at trial would support the jury's finding that plaintiff was a guest passenger in Neal's automobile. If, indeed, the jury concluded that plaintiff was a guest passenger, before allowing her to recover against Neal, the jury would have to find that defendant-Neal was grossly negligent in operating his vehicle. Assuming, without deciding, that Neal's actions in failing to look at the traffic signal 10 to 12 feet before reaching the intersection and in traveling 30 to 35 m.p.h. through an intersection constitute, as appellant contends, plain, palpable and indisputable

ordinary negligence, we refuse to hold as a matter of law that such actions constitute gross negligence. See in this regard *Rigdon v. Williams,* 132 Ga. App. 176 (1) (207 SE2d 591); *Manees v. Scicchitano,* 122 Ga. App. 591 (1) (178 SE2d 262); *Williams v. Ross,* 120 Ga. App. 326 (170 SE2d 442); *Clements v. Riser,* 123 Ga. App. 595 (182 SE2d 169). See also *Hennon v. Hardin,* 78 Ga. App. 81 (50 SE2d 236), holding that, ordinarily, questions of gross negligence are properly for jury resolution.

"When . . . there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury." *Wood v. Olson,* 104 Ga. App. 321, 322 (121 SE2d 677).

Thus, even if plaintiff presented evidence sufficient to support her contention that defendant-Neal was negligent, as she has not presented such facts as would make it plain, palpable and indisputable that Neal was grossly negligent, the court did not err in refusing to grant her motion for judgment notwithstanding the verdict.

3. In her last enumeration of error, appellant challenges the viability and validity of the guest passenger rule. This writer's views on Georgia's judicially created guest passenger rule have been previously clearly stated. See *Bickford v. Nolen,* 142 Ga. App. 256 (235 SE2d 743), affd. 240 Ga. 255 (240 SE2d 24). As the Supreme Court has held the rule to be the law of this state (*Bickford,* 240 Ga. 255), this enumeration is without merit

As we have affirmed the judgment of the trial court for the reasons stated above, we need not consider the additional grounds for affirmance advanced by appellees.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979 —

*E. Graydon Shuford,* for appellant.
*Jerry Willis, Richard A. Marchetti,* for appellees.