## 59787. McDANIEL v. GYSEL et al.

SOGNIER, Judge.

Gysel, a guest in the car of McDaniel, initially sued Coursey for damages resulting from injuries arising out of a collision between McDaniel and Coursey at an intersection controlled by a traffic light. Each driver claimed the green light. Gysel amended her complaint to add McDaniel as a party defendant, alleging she was grossly negligent in operating her car. The jury returned a verdict in favor of Gysel against McDaniel. The verdict read: "We the jury find for the plaintiff Roberta H. Gysel and against the defendant Norma L. McDaniel for gross negligence. We award the Total sum of $23,942.66.

"Comp——$20,000.00
Hosp——  1,942.66
Miscel——  2,000.00
Total——  23,942.66"

Judgment was entered accordingly. Appellant McDaniel made a motion for a directed verdict at the conclusion of the testimony, which was denied. After trial she made a motion for a new trial or in the alternative, a motion for judgment notwithstanding the verdict; both of these motions were also denied.

1. Appellant contends appellees failed to prove gross negligence and therefore, the court erred in denying her motion for a directed verdict or for judgment n.o.v. In order for a guest passenger to recover against the host driver, a jury must find the host driver grossly negligent. *Carter v. Neal,* 151 Ga. App. 83 (258 SE2d 746) (1979). Here, the evidence disclosed that appellant failed to heed the traffic signal, failed to keep a lookout for traffic, and failed to adhere to the speed limit. Such a combination of circumstances would authorize a jury to find gross negligence on the part of appellant. *Rigdon v. Williams,* 132 Ga. App. 176 (207 SE2d 591) (1974). "When facts alleged as constituting gross negligence are such that there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury." *Wood v. Olson,* 104 Ga. App. 321, 322 (121 SE2d 677) (1961). Enumerations of error 1 and 2 are therefore without merit.

2. Appellant's third enumeration complains of error in a portion of the court's charge. However, appellant failed to object to this charge immediately after the judge had given it as required by Code Ann. § 70-207 (a). Unless the alleged error is blatantly apparent and

prejudicial, appellant may not complain of the charge for the first time on appeal. *Mathews v. Penley,* 242 Ga. 192, 193 (249 SE2d 552) (1978).

3. Appellant's fourth enumeration of error alleges an error in the giving of the following charge: "I charge you, further, that should you find that the Defendant, Norma McDaniel, violated the law about which I have charged you, pertaining to traffic control devices, or to traversing an intersection or some other law, pertaining to drivers of automobiles, about which I have charged you or will charge you. And, if you further find that this violation was coupled with other circumstances, such as for example, inattentiveness to driving, or failure to keep a lookout for other traffic, or failing to exercise a precaution of keeping a constant lookout along the street, ahead of the vehicle, or failure to drive at a reasonable and prudent speed when approaching and crossing an intersection you would be authorized to conclude that there was gross negligence on the part of the said Norma L. McDaniel." Appellant objected to this charge on the ground that the charge was argumentative, not a correct statement of the law and not applicable to this case. However, the law as charged was a correct statement of law, *Rigdon v. Williams,* supra. While these instructions do pinpoint certain contentions of the plaintiff, nevertheless, the charge was followed by a clear admonition to the jury that the question of gross negligence would be for the jury. *Ogden v. Carter,* 121 Ga. App. 102 (172 SE2d 864) (1970). Hence, this enumeration of error is also without merit.

4. Appellant next contends the verdict was improper. However, any objection as to its form was not raised at the time of its rendition, and is therefore waived. *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (198 SE2d 420) (1973).

5. Lastly, appellant contends that a portion of the verdict, $1,942.66 for hospital expenses and $2,000 for miscellaneous expenses, represents special damages for economic loss covered by the Motor Vehicle Reparations Act, Code Ann. § 56-3410b (b) and to allow them to stand would constitute double recovery. The approved way to prevent such double payment is by consent at pretrial, or in the event of contest, by presenting the facts showing such coverage and payment to the court outside the presence of the jury. *Powell v. Manning,* 242 Ga. 778, 780 (251 SE2d 522) (1979). If evidence of such damages is introduced for the purpose of proving the extent of injuries, the court should then charge the jury to exclude consideration of such evidence on the issue of damages. *Walls v. Parker,* 146 Ga. App. 882, 883 (247 SE2d 556) (1978). Nevertheless, as there is no evidence to support the inclusion of special damages in this case, this court will direct that the sum of $3,942.66 be written off

of said verdict and judgment. *Davis v. Fomon,* 144 Ga. App. 14 (240 SE2d 581) (1977).

*Judgment affirmed with direction to write off $3,942.66 of the verdict and judgment. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED JUNE 27, 1980.

*Fred S. Clark,* for appellant.
*George M. Rountree, Terry L. Readdick,* for appellees.