67729. BOSTWICK et al. v. FLANDERS et al.

BENHAM, Judge.
Appellant John Bostwick was injured in an automobile accident in September 1980 while a guest passenger in a car driven by appellee Clinton Stewart. Bostwick and his wife subsequently filed suit against Stewart, alleging that the host driver was grossly negligent in the operation of his vehicle. This appeal follows the grant of a directed verdict in favor of Stewart and the judgment entered thereon.

The incident which gave rise to the instant lawsuit occurred before the effective date of OCGA § 51-1-36, which provides that "[t]he operator of a motor vehicle owes to passengers therein the same duty of ordinary care owed to others." Prior to the enactment of § 51-1-36, a host driver owed only a duty to exercise a slight degree of care. See *Tidwell v. Tidwell*, 92 Ga. App. 54 (4) (87 SE2d 657) (1955). With this standard in mind, we now turn to the facts of the case at bar.

Appellant Bostwick and appellee Stewart were members of a group which consumed two to three cases of beer during a day-long rafting trip on the Chattahoochee River. Upon completion of the rafting trip, the group got in Stewart's car in order to retrieve a car which they had left at the place where they had embarked on the rafting expedition. After negotiating a curve in the road, the Stewart vehicle crossed the centerline of Akers Mill Road and collided with an oncoming vehicle. Within seconds, another automobile rounded the curve and struck the rear of the Stewart vehicle.

In their complaint appellants alleged that Stewart had displayed gross negligence by driving his automobile while under the influence of intoxicants. However, those members of the rafting group who tes-

tified at trial on behalf of appellants, including appellant John Bostwick, denied that appellee Stewart was intoxicated. In fact, each man stated that appellee was not drunk. Bostwick and another passenger testified that neither one of them would have entered the Stewart car if he had thought Stewart was intoxicated. The only conflicting evidence was the testimony of a passerby who witnessed the collision and attempted to help the injured. He stated that he spoke to Stewart and found him incoherent. He also testified that "all of the people in [the Stewart] car were obviously drunk." He based this opinion on his observations of "[t]he way they acted, the way they were walking around." However, when asked to elaborate on his observations, the witness stated that he "really didn't know how to describe it." The eyewitness to the accident also testified that he saw the Stewart car weaving in the proper lane moments before the accident, which occurred when the Stewart vehicle crossed over the centerline into the path of the oncoming traffic.

One of the passengers in the Stewart car, who stated that he would not have entered the vehicle if he had thought Stewart was intoxicated, described Stewart's driving as "pretty wild, pretty crazy." When asked to explain his remark, the witness stated that Stewart darted in and out of traffic and had a tendency to pass at what the witness felt were "risky times."

By granting a directed verdict to appellees, the trial court, in essence, determined that there was no conflict in the evidence as to the issue of gross negligence and that the evidence and deductions therefrom demanded a verdict for appellees. OCGA § 9-11-50 (a). We disagree. There was testimony that Stewart was intoxicated and driving dangerously and on the wrong side of the road. While none of these actions alone might constitute gross negligence, together they are sufficient to present to the jury the question as to whether appellee Stewart was guilty of gross negligence. See *Manees v. Scicchitano*, 122 Ga. App. 591 (1a) (178 SE2d 262) (1970); *Rigdon v. Williams*, 132 Ga. App. 176 (1) (207 SE2d 591) (1974). " 'When facts alleged as constituting gross negligence are such that there is room for difference of opinion between reasonable men as to whether or not negligence can be inferred, and if so whether in degree the negligence amounts to gross negligence, the right to draw the inference is within the exclusive province of the jury.' *Wood v. Olson*, 104 Ga. App. 321, 322 (121 SE2d 677) (1961)." *McDaniel v. Gysel*, 155 Ga. App. 111 (1) (270 SE2d 469) (1980). A directed verdict for appellees was not in order.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1984.

*Sheryl D. Fambrough*, for appellants.

*David S. Currie, Nicholas C. Moraitakis, Harold W. Whiteman, Jr., T. Cullen Gilliland, M. Scott Barksdale*, for appellees.