27776. McDANIEL v. BROWN.

DECIDED DECEMBER 5, 1939.

J. H. Paschall, R. F. Chance, for plaintiff in error.

Y. A. Henderson, contra.

MacINTYRE, J. This case comes to this court on exceptions to the overruling of the demurrer to the petition. The petition alleged that the plaintiff was riding as a guest in the car belonging to and being driven by the defendant; it was at night and raining, the traffic on the road was very heavy, the road was wet and slippery, and the weather conditions made visibility bad; the defendant was driving at a rate of speed in excess of fifty miles an hour, which at that time, October, 1937, was in excess of the statutory limit; that the defendant was operating said car under such conditions without looking ahead and in utter disregard for the safety of petitioner and the other guests riding in the car; that at the point where the collision with another car occurred the road was straight for one-half mile or more, and that each car could see the other car coming; that the oncoming car, driven by one Hopper, was in the center of the road, but the road was marked by a yellow line and by looking the defendant could have easily seen and avoided hitting the other car as the road was thirty-one feet wide at that place; that the defendant at the time he was approaching said car driven by Hopper was driving his own car with one hand and was trying to tune his radio to get a ballgame broadcast, and was not looking ahead or at the road, and was directing his entire attention to the tuning of the radio, and was not exercising the slightest care in the driving of the car in view of described conditions of the road at the time; that had the defendant been looking ahead he

could have brought his own car to a stop or have driven to his right and avoided striking the car driven by Hopper. The alleged negligence consisted in defendant's failure to look ahead to observe traffic, and especially the car being driven by Hopper; in failing to observe the approach of Hopper's car; in not applying his brakes and bringing his car to a stop; in failing to turn his car to the right to avoid striking Hopper's car; in driving at the rate of fifty miles per hour under such conditions; in fixing his total vision and attention on the radio under such conditions and at such times; that at the time the rate of speed at which the car was being operated was illegal and was negligence per se; and that all of the acts alleged showed the lack of even slight care on the part of the defendant.

Plaintiff in error insists that the petition shows that the acts of Hopper were the proximate cause of the plaintiff's injury, and that the demurrer should have been sustained. We think that the principle in *Horton* v. *Sanchez,* 57 *Ga. App.* 612, 618 (195 S. E. 873), taken from *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109), is applicable here. We quote: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act."

The acts alleged against the defendant, if they were the proximate cause of the injury, were sufficient to authorize a recovery. It is true that, construing the petition most strongly against the pleader, it may be said that Hopper was driving in the center of the road, was therefore over the center line of said road and was thereby negligent, and that except for such negligence of Hopper the accident would not have occurred. However, the petition also alleges that such situation and negligence of Hopper could have and would have been seen and discovered by the defendant except for his failure to keep a lookout ahead, and that if such negligence

of Hopper had been discovered it could easily have been avoided. As an example, we may say that had the defendant brought an action against Hopper for any injury he might have sustained on that occasion, and Hopper had been able to show that although he was negligent the defendant could have avoided the result of such negligence after having discovered the same and that he refused to take such action, the defendant could not recover. Likewise, under the present allegations, although Hopper's negligence may have been an immediate cause of the plaintiff's injury, the jury would be authorized to say that the defendant here should have reasonably anticipated or apprehended that his driving as was alleged on the occasion and under the circumstances would itself probably result in just such an injury or collision, and therefore as to those to whom he owed a duty he would not be free from liability as a result of the consequences of the intervening act of Hopper. The causal connection between the alleged negligence of the defendant and the injury is not necessarily broken. Such an issue is for the determination of a jury, and the court did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*