45902.   CLEMENTS et al. v. RISER et al.

QUILLIAN, Judge. Roy and Shirley Riser, father and daughter respectively, brought an action for damages against J. M. and M. E. Clements alleging that Shirley Riser was injured while riding in an automobile owned by J. M. Clements and driven by M. E. Clements.

The evidence disclosed that: Shirley Riser was a guest passenger in the automobile; Clements and the plaintiff had been in a bar until approximately 1:45 a.m.; after leaving the bar, Clements was driving at 45 to 50 miles per hour; it was dark and the weather was clear; Clements had driven the road hundreds of times; the road was of sufficient width for two cars to pass and there are numerous trees along the road; the road was 23 to 24 feet wide with a painted center line; after stopping at a stop sign, the appellant proceeded straight ahead at a speed of approximately 35 miles per hour; the speed limit at that location is 25 miles per hour; the automobile struck a tree which was approximately twelve inches off the pavement; after hitting the tree, the car traveled 168 feet and the car was traveling more than 25 miles per hour at the time of the impact; at the time, the appellant was talking, and he never tried to stop the car or

to avoid hitting the large oak tree; there was nothing to divert the attention of the driver; after impact with the tree, the car was not drivable; the damaged and broken parts made scratch marks in the pavement to the point where the car stopped; there were no skidmarks on the road prior to hitting the tree.

Shirley Riser testified that she did not know what caused the collision; she guessed Clements was just not looking where he was going.

The jury returned a verdict for the plaintiffs and the defendants filed in the alternative a motion for a new trial and a motion for a judgment notwithstanding the verdict. The motions were overruled and the case is here for review. *Held:*

The defendants contend that there was not sufficient evidence to support a finding of gross negligence because there has been no showing as to the cause of the collision. They cite in support of their position *Minkovitz v. Fine,* 67 Ga. App. 176 (19 SE2d 561), in which there was no evidence as to what caused the driver to hit a tree and a nonsuit was granted. Under the circumstances and facts of this case, the evidence was sufficient to present a question for the jury as to whether the driver failed to keep a proper lookout along the road ahead of the vehicle and if so whether this amounted to gross negligence. *Capers v. Martin,* 54 Ga. App. 555 (4) (188 SE 465); *McLain v. Atlantic Ice &c. Corp.,* 54 Ga. App. 103 (187 SE 153).

The overruling of the motion for judgment notwithstanding the verdict and the motion for a new trial was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
Argued January 8, 1971—Decided April 6, 1971.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellants.

*J. S. Hutto, G. Carroll Palmatary,* for appellees.