Emily Lindsey SMITH and Robert Smith

v.

SOUTHEASTERN STAGES, INC., Edward Sam Carder, the Continental Insurance Company, Georgia Kraft Company, and Guy Richard Smith.

Civ. No. C75–1425A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 29, 1977.

**594**

George W. Fryhofer, Waynesboro, Ga., Claude R. Ross and Baxter H. Finch, Ross & Finch, Atlanta, Ga., for plaintiffs.

Warner S. Currie and Samuel P. Pierce, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for Southeastern Stages, Continental Ins. Co. and Edward Sam Carder.

A. Paul Cadenhead and James C. Gaulden, Jr., Nall, Miller & Cadenhead, Atlanta, Ga., for Georgia Kraft Co. and Guy Richard Smith.

John T. Marshall, of Powell, Goldstein, Frazer & Murphy, Ben L. Weinberg, Jr., of Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

This action is presently before the court on the following motions: (1) a motion for judgment notwithstanding the verdict filed on behalf of defendants Georgia Kraft Company and Guy Richard Smith [hereinafter referred to as the Georgia Kraft defendants]; (2) the Georgia Kraft defendants' alternative motion for a new trial; (3) a motion for a new trial filed on behalf of defendants Southeastern Stages, Inc., Continental Insurance Company, and Edward Sam Carder; and (4) the plaintiffs' motion requesting the court to strike from the latter motion for a new trial the report of Dr. Albert H. Clark, a consulting economist. By this order, the court will resolve all pending motions.

■ The affidavit at which the plaintiffs' motion to strike is directed was submitted by the Southeastern Stages defendants to support their contention that the verdict rendered in this case is excessive. In their motion to strike, the plaintiffs advance numerous arguments in support of their position that the court's consideration of Dr. Clark's affidavit is improper. The difficulty with the plaintiffs' motion, however, is that a motion to strike is only appropriately addressed toward matters contained in the pleadings, Fed.R.Civ.P. 12(f), and affidavits submitted in support of a motion are clearly not within that category. See Fed.R.Civ.P. 7. Regardless of the practice followed in other forums, this court does not sanction the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion. See Wright and Miller, *Federal Practice & Procedure* § 1380. It is sufficient for the party oppos-

ing the motion to register its objection to the movant's affidavits by way of the material submitted in opposition to the motion. The court will then implicitly, if not explicitly, rule upon these objections in its consideration of the motion. Accordingly, the plaintiffs' motion to strike is hereby denied.

In support of their motion for judgment notwithstanding the verdict, the Georgia Kraft defendants contend that the evidence adduced at trial is insufficient to support the jury's findings that defendant Smith was grossly negligent or its finding that this negligence proximately caused the plaintiff's injuries.[1] When faced with questions concerning the sufficiency of evidence on either a motion for directed verdict or a motion for judgment notwithstanding the verdict, it is well settled in this circuit that

> the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. . . . There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (footnotes omitted). *Accord,* *Morrison v. Frito-Lay, Inc.*, 546 F.2d 154 (5th Cir. 1977).

Evaluating the Georgia Kraft defendants' contentions in light of this standard, the court concludes that there is "substantial evidence" to support both of the challenged findings. Supportive of the jury's finding that defendant Smith was grossly negligent is the evidence of Mr. Smith's failure to give a directional signal prior to making a left-hand turn and his failure to keep a proper lookout for other traffic on the highway. Under Georgia law the combination of such circumstances is sufficient to permit the jury to find that the defendant was guilty of gross negligence. *See Rigdon v. Williams*, 132 Ga. App. 176, 207 S.E.2d 591 (1974); *Clements v. Riser*, 123 Ga.App. 595, 182 S.E.2d 169 (1971); *Parker v. Johnson*, 97 Ga.App. 261, 102 S.E.2d 917 (1958). Concerning the Georgia Kraft defendants' assertion that the evidence is insufficient to support the jury's finding that defendant Smith's negligence was the proximate cause of the plaintiff Emily Smith's injuries, it must be emphasized initially that in neither the motion nor the briefs submitted in support thereof do these defendants specify the basis of their argument. The court assumes, however, that the basis is that the negligence of defendant Carder, the driver of the Southeastern Stages bus, amounted to an independent, intervening cause which broke the chain of causation linking the Georgia Kraft defendants to the plaintiff's injuries. In order for this argument to succeed, however, the movants must show that, as a matter of law, Carder's negligence was unforeseeable. *See Southern Ry. v. Webb*, 116 Ga. 152, 42 S.E. 395 (1902); *McDaniel v. Brown*, 61 Ga.App. 243, 6 S.E.2d 382 (1939). This they clearly cannot do. Accordingly, the motion for judgment notwithstanding the verdict filed on behalf of the Georgia Kraft defendants is hereby denied.

---

1. The Georgia Kraft defendants also raise this argument in support of their motion for a new trial. While the standards employed to resolve a motion for judgment notwithstanding the verdict differ from those applied to a motion for new trial, the court feels that its present discussion of the issue of whether there is sufficient evidence to support the verdict demonstrates that this ground will not support a motion for a new trial. Further discussion, then, is unnecessary.

Both groups of defendants have filed motions for a new trial pursuant to Fed.R. Civ.P. 59, which provides in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . ..

It is well settled that the granting of a new trial is a "matter resting within the sound discretion of the trial court exercised with regard to what is right and in the interest of justice . . . ." *Complete Auto Transit v. Floyd*, 249 F.2d 396, 399 (5th Cir. 1957). It is in light of this standard, then, that the court must evaluate the grounds advanced by the defendants in support of their motions. Before turning to an examination of those contentions, however, the court must point out that since both motions for a new trial present certain grounds which are related, the discussion of the motions will be organized according to the grounds offered in support thereof rather than on the basis of the parties raising those grounds.

■ Two of the grounds offered in support of the motions for a new trial involve alleged errors which were committed by the court in resolving certain evidentiary questions. First, the Southeastern Stages defendants contend that the court erred in refusing to admit into evidence the police report prepared by Mr. Robert Bates, the Georgia State Highway Patrol trooper who investigated the accident. Alternatively, these defendants argue that at least that portion of the report containing a diagram of the accident should have been admitted and the court's refusal to do so was error. Second, both groups of defendants allege that the court committed prejudicial error in its ruling on the admissibility of certain portions of a video taped experiment. The Georgia Kraft defendants contend that the court erred in admitting that portion of the video tape which demonstrated the moving interrelationships between the two vehicles involved in the accident as well as that portion which demonstrated the view through the inside rear view mirror of the truck driven by the defendant Smith. The Southeastern Stages defendants, on the other hand, assert that the court erred in not admitting all of the video taped experiment. Prior to making both of the rulings challenged by the defendants, the court considered evidence which was tendered in light of the applicable legal standards. In their motions for a new trial the defendants have not raised any arguments relating to these evidentiary questions which were not previously considered by the court. Therefore, the court is not inclined to reverse its earlier rulings on these questions. In any event, even if the court is incorrect in these evidentiary rulings, it finds that in light of the other evidence adduced at the trial and the instructions given to the jury regarding the video taped experiment, the errors are not prejudicial and, therefore, constitute an improper basis upon which to grant a new trial. *See Midcontinent Broadcasting Co. v. North Central Airlines, Inc.*, 471 F.2d 357 (8th Cir. 1973); *Seven Provinces Insurance Co. v. Commerce & Industry Insurance Co.*, 65 F.R.D. 674 (W.D.Mo.1975).

■ Five of the grounds which the defendants offer in support of their motions for a new trial concern alleged errors in the court's charge to the jury. First, the Southeastern Stages defendants contend that the court erred in failing to charge the concept of intervening proximate cause. The difficulty with this argument, however, is that the court's charge on proximate cause in this case did include reference to the concept of intervening proximate cause. In its instructions relating to the issue of proximate cause, the court stated:

> Proximate cause means that cause which naturally leads to and which might have been expected to produce a result and which, in a natural and continuous sequence, unbroken by any new cause, produces an event such as a collision which would not have occurred without it.

After careful consideration, the court concludes that its instructions on proximate cause and intervening proximate cause are

sufficient. In any event, the court's charge on the effect of an intervening cause was cast in terms favorable to the defendants. It, like the Southeastern Stages defendants' Request to Charge No. 13, fails to instruct the jury that if the intervening act was foreseeable by the original wrongdoer, the causal connection is not broken and the original wrongdoer is responsible for all of the consequences resulting from the intervening act. *Southern Ry. v. Webb, supra.*

■ Second, the Georgia Kraft defendants assert that the court erred in omitting from its definition of gross negligence the statement that such negligence is an act or omission of an aggravated nature. The court disagrees. The definition of gross negligence which the court charged in this case is that provided by statute in Georgia. Ga.Code Ann. § 105–203 (Rev.1968). While there are cases which support the inclusion in the definition of gross negligence of the statement that it is an act or omission of an aggravated nature, *Tidwell v. Tidwell*, 92 Ga.App. 54, 87 S.E.2d 657 (1955); *Hatcher v. Bray*, 88 Ga.App. 344, 77 S.E.2d 64 (1953), there are numerous decisions in which the Georgia courts have approved the charging of the gross negligence statute in lieu of any other form charge. *See, e. g., Kimberly v. Reed*, 79 Ga.App. 137, 53 S.E.2d 208 (1949); *Whitfield v. Wheeler*, 76 Ga.App. 857, 47 S.E.2d 658 (1948). Therefore, the court concludes that its charge on the definition of gross negligence is an accurate and sufficient statement of the law as it exists in this state.

■ Third, the Georgia Kraft defendants argue that the inclusion in the court's charge of a statement of the duty defendants Smith and Carder owed one another placed before the jury a matter totally irrelevant to this case which tended to confuse the jury and led them to impose upon the Georgia Kraft defendants a greater duty of care, *i. e.*, ordinary care, than the duty imposed upon them by law, *i. e.*, slight care. This argument, however, overlooks the fact that the court on numerous occasions throughout its charge specifically instructed the jury on the duty of care which

the Georgia Kraft defendants owed the plaintiff. In fact, contained in the same sentence and immediately following the court's statement concerning the duty of care which defendants Smith and Carder owed to each other is the following statement: "[H]owever, Mr. Smith's duty towards his guest passenger, the plaintiff, Mrs. Smith, is only that of slight care." In view of these circumstances, the court concludes that its statement concerning the duty which defendants Smith and Carder owed to one another did not confuse the jury or lead them to impose a greater duty upon the Georgia Kraft defendants.

■ Fourth, the Georgia Kraft defendants contend that the court erred in charging the provisions of Ga.Code Ann. § 68A–303 (Rev.1975), which governs the overtaking and passing of vehicles proceeding in the same direction and which provides that

> the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

In support of their argument, these defendants contend that this statute does not apply in a situation where the leading vehicle is making a left-hand turn at an intersection and it is against the law for an overtaking vehicle to pass. The court has carefully considered the defendants' argument, and, while there is no authority to guide the court's decision in this matter, it concludes that section 68A–303 was properly charged in the circumstances of this case.

■ Finally, both groups of defendants contend that the court erred in failing to instruct the jury that any award made to plaintiff Robert Smith for future medical and care expenses should be reduced to present cash value. Admittedly, this is clearly the rule in this state. *Hughes v. Brown*, 109 Ga.App. 578, 136 S.E.2d 403 (1964). The difficulty with the defendants' argument, however, is that they did not request such an instruction at the trial of the case. It is well settled that a party cannot complain of the court's failure to give a particular instruction where he has

not properly requested the same. *C.J. Peck Oil Co. v. Diamond*, 204 F.2d 179 (5th Cir. 1953). *Cf. Industrial Development Board v. Fuqua Industries, Inc.*, 523 F.2d 1226 (5th Cir. 1975); *Clark Advertising Agency, Inc. v. Tice*, 490 F.2d 834 (5th Cir. 1974); *Stephenson v. College Misericordia*, 376 F.Supp. 1324 (M.D.Pa.1974). There is, however, an exception to this general rule in cases where the court's failure to give an instruction constitutes plain error, *i. e.*, an error so fundamental as to result in a miscarriage of justice. *Industrial Development Board v. Fuqua Industries, Inc., supra.*

■ After careful consideration, the court concludes that its failure to instruct the jury to reduce any award for future medical and care expenses to present value does not constitute such an error. Two factors are supportive of the court's conclusion. First, an examination of the record in this case indicates that the jury apparently did make such a reduction. Any award for these expenses is included in the $800,000 awarded to plaintiff Robert Smith. Using the lowest figure suggested by the defendants for anticipated annual medical costs, $22,000, the projected undiscounted medical expenses which would accrue over the 51.12 year life expectancy of the plaintiff Emily Smith exceeds $1,100,000. In light of this fact and in light of the fact that also included within the $800,000 which was awarded to plaintiff Robert Smith is compensation for his loss of consortium, it is obvious that the jury reduced its award for future medical and care expenses to present cash value. The second factor which supports the court's conclusion that its failure to charge on reduction to present cash value does not constitute an error so fundamental as to result in a miscarriage in justice is the fact that any increase in the amount of an award for future medical and care expenses which could have been caused by such failure is offset by the court's failure to instruct the jury that in arriving at the amount of their verdict, they may consider an inflationary factor. Under Georgia law, such a consideration is clearly appropriate. *Jordan v. Fowler*, 104 Ga.App. 824, 123 S.E.2d 334 (1961); *Fields v. Jackson*, 102 Ga.App. 117, 115 S.E.2d 221 (1960).

The final, and primary, ground which the defendants advance in support of their motions for a new trial is that the verdict rendered in this case is excessive. Throughout the years numerous standards have been evolved to guide the court in deciding whether a verdict should be set aside as excessive. One such standard, and the one followed in this state, is that a verdict will not be set aside as excessive unless the amount thereof shocks the moral conscience of the court. *See Jones v. Spindel*, 128 Ga.App. 88, 196 S.E.2d 22 (1973). The better rule, and the one followed in the Fifth Circuit, is that a verdict will not be set aside if it is "within the bounds of reasonable inference from the evidence." *Glazer v. Glazer*, 278 F.Supp. 476, 481 (E.D.La.1968), quoting *Miller v. Maryland Casualty Co.*, 40 F.2d 463, 465 (2d Cir. 1930). *See Bonura v. Sea Land Service, Inc.*, 505 F.2d 665 (5th Cir. 1974); *Jenkins v. Aquatic Contractors & Engineers*, 446 F.2d 520 (5th Cir. 1971); *Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033 (5th Cir. 1970). Under either test, however, the court must not substitute its judgment of damages for that of the jury.

■ After careful consideration, the court concludes that the award of $800,000 to plaintiff Robert Smith and $2,000,000 to plaintiff Emily Smith is reasonably supported by the evidence in this case. The court will not undertake to outline at this time the evidence which was introduced in this case on the question of damages. It is sufficient to observe that the $800,000 awarded to plaintiff Robert Smith includes not only an award for future medical and care expenses but also an award for loss of consortium. As previously discussed, even if the evidence is viewed in terms most favorable to the defendants, the jury could have awarded $500,000 for future medical expenses. This would result in an award of $300,000 for loss of consortium, an amount which under the circumstances of this case is clearly within the bounds of reason. Concerning the plaintiff Emily Smith, this

court concludes that in view of the fact that she is totally paralyzed to the neck and that her life expectancy is over 50 years, an award of $2,000,000 to compensate her for the pain and suffering which she must endure over this period of time is within the bounds of reason. The court is supported in its conclusion by the decision in *Griffin v. United States*, 351 F.Supp. 10 (E.D.Pa. 1972), *remanded on other grounds*, 500 F.2d 1059 (3d Cir. 1974), in which the court on similar facts as those presented in the case *sub judice* and sitting without a jury awarded the plaintiff wife $1,200,000 for pain and suffering and the plaintiff husband $300,000 for loss of consortium.

One argument offered by the defendants in support of their contention that the verdict in this case is excessive is that it is one of the largest, if not the largest, verdict rendered in a personal injury suit of this type in the state of Georgia. The court is not persuaded by this argument. As an initial matter, no two lawsuits are identical, and the verdict rendered in one should not govern the amount of the verdict which could properly be rendered in another. In any event, even though a verdict of this size is new to the state of Georgia, numerous verdicts have been rendered elsewhere which are at least equal to, if not greater, in amount. Simply stated, this court concludes that regardless of the amount of the verdicts traditionally rendered in Georgia in this type of case, the $2,800,000 verdict entered here is within the bounds of reasonable inference from the evidence and is, therefore, not excessive.

Based on the foregoing discussion, the motions for a new trial filed on behalf of both groups of defendants are hereby denied.