**HON–MENG TANG, Plaintiff,**

v.

**REPUBLIC PARKING SYSTEM, et al., Defendants.**

Civ. A. No. 1:88–CV–0352–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 27, 1989.

---

J. Robert Persons, III and Olive Elizabeth Bell, Lord, Bissell & Brook, Atlanta, Ga., for plaintiff.

Francis C. Schenck, Greene, Buckley & Jones and R. Clay Porter, Dennis, Corry, Porter & Thornton, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendants Republic Parking System and United States Elevator Corporation's supplements to their previously-filed motions for summary judgment, Fed.R.Civ.P. 56; and plaintiff's motion for leave to file a motion to strike. Local Rule 220–1(a)(2). Plaintiff's proposed motion to strike is directed towards defendant Republic's motion for summary judgment as supplemented.

## I. PLAINTIFF'S MOTIONS.

### A. *Motion for Leave to File.*

For good cause shown, plaintiff's motion for leave to file a motion to strike is GRANTED. The Clerk of Court is DIRECTED to file plaintiff's proposed motion to strike.

### B. *Motion to Strike.*

#### 1. Procedural background.

The court heard oral argument on defendants' motions for summary judgment and plaintiff's motion for partial summary judgment January 20, 1989, at which time plaintiff and defendant Republic's motions were denied and defendant U.S. Elevator's motion granted in part and deferred in part. Pursuant to Rule 56(f), the court allowed defendant U.S. Elevator an opportunity to depose plaintiff's expert witness and to supplement the record before ruling on the remaining portion of its motion. In addition, defendant Republic was permitted to file a supplemental brief on the issue of premises liability as applied to cases of

negligence per se, based on counsel's representation that he could locate case authority on this issue. TR at 47–8. Plaintiff now moves the court to strike defendant Republic's summary judgment motion as supplemented on the grounds that its scope far exceeds that authorized by the court.

2. Discussion.

■ Defendant Republic's brief in support of its motion for summary judgment as supplemented was filed March 3, 1989. It consists of 23 pages of which six address the issue of assumption of the risk; nine address the issue of premises liability in a non-negligence per se context; two address the issue of the status of plaintiff's decedent on the premises; and two address the so-called "law of inferences." No where in its brief does defendant Republic present authority for its argument that principles of premises liability require that the breach of an affirmative duty owed the plaintiff be established even where the defendant has been negligent per se. The court therefore agrees with plaintiff that defendant has exploited its briefing opportunity and has attempted to re-litigate issues on which the court has previously ruled. For this reason, plaintiff's motion to strike is GRANTED. Defendant's motion for summary judgment as supplemented is hereby STRICKEN from the record.

## II. DEFENDANT U.S. ELEVATOR'S MOTION.

### A. *Statement of Facts.*

Plaintiff brings this action in his individual capacity and as administrator of the estate of his late wife to recover damages for her injuries and wrongful death. The events giving rise to this action occurred on the evening of January 21, 1985. On that date, plaintiff's decedent and her employer, attorney Michael Shepard, had been working late. Because of the late hour and severe cold, Mr. Shepard agreed to drive the decedent home in his automobile. Mr. Shepard's automobile was parked on the top floor of defendant Republic's Marietta Street parking facility.

At the time Mr. Shepard and the decedent arrived at the parking facility, it had been closed for approximately three hours. There was therefore no attendant on duty to retrieve Mr. Shepard's automobile. For this reason, Mr. Shepard decided to access the parking facility's top floor by way of the facility's "manlift," a continuous belt with steps and hand holds running vertically from the lower levels of the parking facility to the upper levels through a series of holes in each level. Though there is evidence that the manlift had been disengaged by defendant Republic's employees when they closed the facility, Mr. Shepard testifies that it was operative when he and the decedent arrived to retrieve his automobile.

Prior to mounting the manlift, Mr. Shepard recommended to the decedent that she follow him to the roof level by way of the stairway. Nevertheless, as Mr. Shepard was carried approximately half way up through the facility, he observed the decedent mount the manlift beneath him. Upon his arrival on the roof level, Mr. Shepard dismounted and prepared to assist the decedent to do the same. At that time, the dismounting area was unlighted and, as it was enclosed by a corrugated aluminum shed, was quite dark. Apparently due to the darkness and/or her lack of familiarity with the manlift, the decedent failed to follow Mr. Shepard's instructions to dismount. Consequently she was carried up and over the top of the manlift, fell and subsequently died from her injuries.

Applicable city ordinances require that manlifts be equipped with certain safety features. These include a self-locking gate, a light inside the shed covering the final dismounting area, and weight-activated limit switches designed to disengage the manlift in the event one riding the manlift fails to dismount. Pursuant to a service contract between the defendants, defendant U.S. Elevator was obligated to perform monthly inspections and maintenance on the manlift, including the testing of the limit switches. It is plaintiff's contention that defendant U.S. Elevator performed its duties under the service contract in a negligent manner, and that this negligence was

the proximate cause of the decedent's injuries and death.

## B. *Procedural Posture of the Case.*

Plaintiff's theory of liability against defendant U.S. Elevator is based upon the municipal code and the service contract between it and defendant Republic. At oral argument, the court concluded that the code could not impose upon defendant U.S. Elevator a duty greater than the service contract, reasoning that the code was intended to create an obligation on behalf of manlift owner/operators such as defendant Republic. TR at 60. Summary judgment was thus granted as to that theory. As to defendant U.S. Elevator's alleged negligent inspection and maintenance of the manlift under the service contract, the court deferred ruling on the motion until such time as defendant U.S. Elevator could depose plaintiff's expert witness.[1] This aspect of defendant U.S. Elevator's motion for summary judgment is now ripe for review.

## C. *Conclusions of Law.*

### 1. The summary judgment standard.

■ Courts should grant motions for summary judgment when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, the movant bears the initial burden of asserting the basis for his motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This does not require that he negate his opponent's claim, however. *Id.* Rather, the movant may discharge his burden by merely "showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. When this burden is met, the non-moving party is then required "to go beyond the pleadings" and present evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. Thus, unless plaintiff is able to identify and present evidence demonstrating the existence of every element essential to his case, defendant U.S. Elevator's motion for summary judgment must be granted.

### 2. The applicable state law.

In *Huggins v. Aetna Casualty and Surety Co.,* 245 Ga. 248, 264 S.E.2d 191 (1980), the Supreme Court expressly adopted section 324A of the Restatement 2d of Torts as the law of the state of Georgia. This section provides in relevant part,

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third party or his things, is subject to liability to the third party for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if ... (b) he has undertaken to perform a duty owed by the other to the third party,
>
> ....

The court has already determined that a question of fact exists as to the decedent's status on the premises and whether defendant Republic breached any duty owed to her. If any such duty existed, it relates to maintaining the manlift in a safe operating condition. Defendant U.S. Elevator "undertook to perform" this duty to a certain extent by virtue of the service contract in effect between the defendants. Thus, if plaintiff has identified and produced evidence suggesting that defendant U.S. Elevator failed to exercise reasonable care with respect to its contractual obligations to inspect, maintain and service the manlift, the motion for summary judgment must be denied.

---

**1.** Defendant U.S. Elevator has moved to strike plaintiff's supporting affidavits, including the affidavit of plaintiff's expert, Russell Kramer. Fed.R.Civ.P. 12(f). The court will treat this motion as a written objection to the affidavits in question. *See Morgan v. Sears, Roebuck & Co.,* 700 F.Supp. 1574, 1576 (N.D.Ga.1988) (Forrester, J.); *see also Pinkerton and Laws Co., Inc. v. Roadway Express, Inc.,* 650 F.Supp. 1138 (N.D.Ga.1986) (Ward, J.); *Friedlander v. Troutman, Sanders, Lockerman & Ashmore,* 595 F.Supp. 1442 (N.D.Ga.1984) (Shoob, J.); *Smith v. Southeastern Stages, Inc.,* 479 F.Supp. 593 (N.D.Ga. 1977) (O'Kelley, J.).

3. The extent defendant U.S. Elevator has undertaken to perform defendant Republic's duties.

As mentioned previously, the Atlanta city code requires that manlifts be equipped with certain safety features including weight-activated limit switches, a self-locking gate, and lighting at the final dismounting area. There can be no doubt that defendant U.S. Elevator undertook to perform defendant Republic's duties to maintain the limit switches in proper working condition. The opposite is true, however, as to the self-locking gate and lighting. The service contract between the defendants provides in relevant part that defendant U.S. Elevator will (1) examine the manlift on a monthly basis; (2) clean and lubricate the manlift's motors, brakes and other component parts as appropriate; (3) adjust the manlift's various switches; (4) supply lubricating oils, cleaning materials and greases; and (5) make necessary repairs and replacements upon approval. Based on the foregoing, the court finds that defendant U.S. Elevator cannot be held to have contracted to maintain the requisite self-locking gate and lighting. Accordingly, this aspect of defendant U.S. Elevator's motion for summary judgment must be GRANTED.

4. Evidence of negligent inspection and maintenance.

■ In considering the propriety of summary judgment in a negligence action, the court should proceed with caution when assessing the probative value of the plaintiff's evidence. *Coats & Clark, Inc. v. Gay,* 755 F.2d 1506, 1509 (11th Cir.1985). It is the role of the jury to consider not only questions of fact in dispute, but questions of conflicting inferences from undisputed facts as well. *Id.* "Evidentiary facts, though undisputed, do not always conclusively establish the ultimate fact at issue. When the ultimate fact is to be inferred from evidentiary facts, the choice between permissible inferences is for the trier of facts." *Id.* Thus, defendant U.S. Elevator's motion for summary judgment should be granted only if there is a *complete* absence of probative facts to support

an inference of negligence, or if the facts and inferences point so strongly and overwhelmingly in its favor that a reasonable juror could arrive at only one verdict. *Id.; see also Spence v. Zimmerman,* 873 F.2d 256, 257 (11th Cir.1989) (Rule 56 requires only that respondent be given benefit of each *reasonable* inference). With these principles in mind, the court turns its attention to plaintiff's supporting evidence and defendant U.S. Elevator's objections thereto.

The undisputed evidence of record establishes that plaintiff's decedent was riding the manlift on the night in question; that she failed to dismount at the final dismounting area; and that she was carried over the top of the manlift, fell, and subsequently died from her injuries. It is also undisputed that the manlift was equipped with certain safety devices; that defendant U.S. Elevator was contractually obligated to inspect, maintain and service these devices; and that when functioning properly and properly adjusted, these devices are designed to prevent anyone weighing fifty pounds or more from being carried over the top of the manlift. The only question is whether these devices failed to prevent the decedent from being carried over the top of the manlift because they were bypassed through no fault of defendants or because they were negligently inspected, maintained and serviced.

In addition to the undisputed evidence described above, plaintiff presents the affidavit testimony of Mr. Shepard and Russell Kramer. Mr. Shepard testifies that while riding the manlift, the decedent was standing in a "normal position" with her feet planted in approximately the center of the platform and with her hands grasping the hand holds, and that as she approached and passed the final dismounting area, she leaned closer to the manlift, grasped the hand holds more firmly, and, without moving her feet, appeared to apply even greater force on the platform. Shepard Aff., ¶¶ 5–9. This testimony is significant in view of defendant's theory that the decedent bypassed the switches by shifting her feet away from the center of the platform and/or by lifting most of her weight from

the platform by pulling herself up on the hand holds.

■ Defendant U.S. Elevator challenges Mr. Shepard's affidavit testimony on two grounds: (1) that it is based, not on his personal knowledge, but on "information and belief," and (2) that it is inconsistent with his earlier deposition testimony. As to the former objection, the court observes that defendant U.S. Elevator is correct insofar as it points out that Mr. Shepard states his testimony is based on "information and belief" as well as on personal knowledge. It is clear, however, that the testimony described above is based on Mr. Shepard's observations and is therefore properly within his personal knowledge. As to the latter observation, inconsistencies between a witness's affidavit and deposition testimony affect credibility and not admissibility. Such evidence therefore may be sufficient to create a triable question of fact. *See Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 893 (5th Cir.1980); *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir.1986); *see also The Gift Collection, Ltd. v. Small Business Administration,* No. 87–2560, Slip Op. at 9 (N.D.Ga. January 6, 1989) (Forrester, J.). For these reasons, the court overrules defendant U.S. Elevator's objections to Mr. Shepard's affidavit.

In addition to Mr. Shepard's affidavit, plaintiff presents the affidavit of Mr. Kramer as expert testimony on the subject of manlifts. Under the *Federal Rules of Evidence,* expert testimony is admissible where, as here, "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,...." Fed.R. Evid. 702. Before a witness may testify as an expert, however, it must be established that he or she qualifies as such by virtue of special knowledge, skill, experience, train-

ing or education. *Id.* In this regard, Mr. Kramer testifies that he was a member of the Elevators Construction Union from 1952 through 1976; that during that time, he was involved in the inspection, maintenance, service and repair of manlifts; and that since 1978, he has been self-employed as a consultant in the area of elevators and manlifts. From this, the court concludes that Mr. Kramer is competent to testify in this action as an expert.

■ For expert testimony to create a triable question of fact, it must be supported by a proper factual basis and must possess reasonable probability regarding the witness's opinion or conclusion. Thus, expert testimony based on speculation or expressing mere possibilities is of no probative value and is therefore insufficient to defeat a motion for summary judgment. *Coats & Clark, Inc.,* 755 F.2d at 1510. In the present case, Mr. Kramer testifies that it is his opinion that the decedent could not have bypassed the limit switches as suggested by defendant; that the switches were not functioning properly or were not properly adjusted at the time of the incident; that defendant U.S. Elevator negligently failed to inspect, maintain and service the switches; and that this negligence caused the switches to fail and the decedent to be carried over the top of the manlift. Kramer Aff., ¶¶ 15–17. Mr. Kramer bases his opinions and conclusions on his review of the applicable safety standards for manlifts, the deposition and affidavit testimony of Mr. Shepard, and the deposition testimony of defendant's employees; on various photographs of the manlift in question taken over a period of eighteen months after the incident;[2] and on his own inspection of the manlift conducted approximately three and a half years since the incident.[3] *Id.,* ¶¶ 8–9.

---

**2.** The first photograph was taken one month after the incident.

**3.** With respect to his inspection of the manlift, Mr. Kramer testifies as follows:
> One of the limit safety switches on the manlift was inoperable; another of the safety switches was being bypassed; another of the safety switches had no cover, increasing the

possibility of malfunction; ... the safety bar at the top of the manlift, required to be just larger than the size of the step, was positioned in such a way as to be totally ineffective in preventing a person from going over the top of the manlift; ... and the general condition and appearance of the manlift indicated extremely poor maintenance practices.
> *Id.,* ¶ 11.

 Defendant U.S. Elevator objects to Mr. Kramer's affidavit testimony on two grounds: (1) that Mr. Kramer was not identified as an expert witness in plaintiff's responses to its discovery requests, and (2) that his opinions and conclusions are based upon inadmissible evidence.[4] The court addressed the former objection at oral argument by deferring ruling on the present motion and permitting defendant U.S. Elevator to depose Mr. Kramer. As to the latter objection, the court finds that Mr. Kramer bases his testimony on competent evidence. The court has previously determined that Mr. Shepard's testimony is admissible, and there is no challenge to the deposition testimony of defendant's employees. While it is true that at least some of the photographs referred to by Mr. Kramer as well as his own inspection of the manlift are relatively far removed in time from the date of the incident, this fact alone does not taint his opinions and conclusions. First and most importantly, his testimony is not based solely on this evidence. In addition to that previously described, there is evidence suggesting that despite its contract with defendant Republic, defendant U.S. Elevator failed to service the manlift for the six months preceding the incident. There is also some indication that the manner in which defendant U.S. Elevator tested the limit switches was inadequate. Second, Mr. Kramer has testified that, based on his review of Mr. Shepard's testimony and the photographs, the condition of the manlift did not appear to have significantly changed over time. Kramer Aff., ¶ 10. Finally, the remoteness in time affects weight rather than admissibility. For these reasons, the court overrules defendant U.S. Elevator's objections to Mr. Kramer's affidavit testimony and finds this evidence together with the other evidence of record sufficient to create a question of fact as to defendant U.S. Elevator's exercise of ordinary care in carrying out its obligations under the service contract. Accordingly, this aspect of defendant U.S. Elevator's motion for summary judgment is DENIED.

**4.** As a practical matter, the facts or data upon which an expert bases an opinion or inference

## III. CONCLUSION.

In sum, plaintiff's motion for leave to file a motion to strike is GRANTED. The Clerk of Court is DIRECTED to file plaintiff's motion to strike. In addition, plaintiff's motion to strike is GRANTED and defendant Republic's motion for summary judgment as supplemented is hereby STRICKEN from the record. Finally, defendant U.S. Elevator's motion for summary judgment as supplemented is GRANTED IN PART and DENIED IN PART as provided within the body of this order. The parties are DIRECTED to prepare and submit the proposed consolidated pretrial order for the court's consideration within thirty (30) days of the date of this order. Upon approval of the pretrial order, this action shall be placed upon the court's next available civil trial calendar.

IT IS SO ORDERED.

need not be admissible in evidence. Fed.R. Evid. 703.