**IN RE ANCHOR GLASS CONTAINER CORPORATION, Debtor.**

**Vincent J. Naimoli, individually and on behalf of a class of all other person similarly situated, Plaintiffs,**

**v.**

**Anchor Glass Container Corporation, Administrative Committee of the Anchor Glass Container Corporation Service Retirement Plan, Administrative Committee of the Anchor Glass Container Corporation Retirement Plan for Salaried Employees, John Ghaznavi, M. William Lightner, David T. Gutkowski [Sic], Mark Karrenbauer, Jeffrey C. Gulbranson, Harold Greathouse, and Roger ERB, Defendants.**

**Bankruptcy No. 8:02–BK–07233–ALP.**
**Adversary No. 03–830.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 3, 2005.

John J. Lamoureux, Hywel Leonard, Robert A. Soriano, Carlton Fields, PA, Edmund S. Whitson, Akerman Senterfitt, Tampa, FL, for Debtor.

*ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS AND JOINDER OF DEFENDANTS M. WILLIAM LIGHTER, DAVID T. GUTOWSKI, MARK KARRENBAUER, JEFFREY C. GULBRANSON, HAROLD GREATHOUSE AND ROGER ERB IN MOTION TO DISMISS SECOND AMENDED COMPLAINT*
(Doc. Nos. 132 and 178)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this confirmed Chapter 11 case of Anchor Glass Container Corporation (the Debtor) are two Motions. The first Motion is a Motion to Strike Affidavits of Allison Navy Sigmund (Ms. Sigmund), Robert A. Soriano (Mr. Soriano), and Ronald A. Richman (Mr. Richman) filed by the Plaintiff, Vincent Naimoli (Naimoli) (Doc. No. 132). The other Motion is a Motion to Dismiss the Second Amended Complaint filed by the Defendants named in the above-captioned adversary proceeding. (Doc. No. 178).

Considering first the Motion to Strike, it is the contention of Naimoli that the Affidavits were not filed prior to the expiration of 20 days and, thus, are late and should be stricken by virtue of F.R.Civ.P. 12(f) as adopted by F.R.B.P. 7012(b). Rule 12 provides that "... upon motion made by a party within 20 days after service of the pleading ... the court may order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."

The Affidavits sought to be stricken were filed in support of the Defendants' Motion to Dismiss. Thus, it is evident that the Affidavits were not tardy because Rule 12's requirement is 20 days from service of the pleading and, by virtue of F.R.Civ.P. 8 as adopted by the F.R.B.P. 7008, a motion to dismiss is not a pleading. It is clear from the foregoing that the Motion to Strike the Affidavits on the ground that they were not filed within the 20 days required by F.R. Civ. P. 12(f) is not supported by the facts and law and, therefore, the Motion should be denied.

This leaves for consideration the alternative ground that the Motion to Strike must be directed only to matters contained in the pleading. *Newsome v.*

*Webster,* 843 F.Supp. 1460 (S.D.Ga.1994); *Smith v. Southeastern Stages, Inc.,* 479 F.Supp. 593 (N.D.Ga.1977). Affidavits submitted in support of a Motion to Dismiss are improper and should be stricken. *McNair v. Monsanto Co.,* 279 F.Supp.2d 1290, 1299 (M.D.Ga.2003). Affidavits may be filed in support only if there is a document attached to the Complaint or there is a reference in the Complaint to a document and the Affidavits are directed to that document. This record leaves no doubt that there is no document attached to the Complaint and the claimed reference is tenuous at best. However, affidavits are proper if they are filed in support of the contention that the court lacks subject matter jurisdiction. Based on this record, this Court is satisfied that the Affidavits are not sufficiently connected to the matters alleged in the Complaint. The Motion to Strike is well taken and should be granted.

This leads to the ultimate thrust of the Defendants' Motion to Dismiss the second Amended Complaint. In their Motion to Dismiss, the Defendants contend that this Court lacks subject matter jurisdiction of the claim as pled in the Second Amended Complaint (Doc. No. 55).

The Complaint under attack is between Naimoli, a non-debtor, and the Defendants. Anchor Glass Container Corporation, the Debtor, is not involved in this litigation directly or indirectly. It is obvious that this dispute is not a "core" matter within that term defined by 28 U.S.C. § 157(b). This being the case, unless this Court is willing to find that the matter is "related" to the Chapter 11 case of the Debtor, this Court has no subject matter jurisdiction of the claims asserted by Naimoli.

The "related" jurisdiction of the bankruptcy courts was considered exhaustively by the 3rd Circuit Court of Appeals in the case of *Pacor, Inc. v. Higgins,* 743 F.2d 984 (1984). In Pacor, the Court noted first that Congress in enacting § 1471 of 28 U.S.C. (the previous version of the allocation of bankruptcy jurisdiction between the district courts and the bankruptcy courts) intended to grant comprehensive jurisdiction to the bankruptcy courts so they might deal efficiently and expeditiously with all matters connected with the bankruptcy case. *Citing* H. Rep., No. 598, 95th Cong., 2d Sess. This broad grant of jurisdiction has its own limitation however and there must be some nexus between the "related" civil proceeding and the Title 11 case. *In re Hall,* 30 B.R. 799, 802 (M.D.Tenn.1983). It is generally recognized that the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate administered by the bankruptcy court. *In re General Oil Distributors, Inc.,* 21 B.R. 888 (Bankr. E.D.N.Y.1982). *In re U.S. Air Duct Corp.,* 8 B.R. 848, 851 (N.D.N.Y.1981). The outcome need not necessarily be against the debtor or against the property of the debtor, but it must appear that the outcome of the civil proceeding could alter the debtor's rights, liabilities, options, or freedom of action and impacts the administration of the estate.

The claim of Naimoli involved in this litigation involves his right to receive his retirement benefits under the original retirement plan which, during the time of his employment by the Debtor, was administered by the Debtor, but has since been merged and terminated and it is now administered by the Pension Benefit Guaranty Corp. (P.B.G.C.). There is no question that the outcome of this litigation does not implicate any rights or liabilities of the Debtor and has no conceivable nexus with the Chapter 11 case of the Debtor, which is concluded for all practical purposes and

the Debtor's Plan of Reorganization confirmed.

Naimoli does not concede that this court has at least related jurisdiction, but contends that this court may entertain this lawsuit under the "supplemental jurisdiction" doctrine. The issue of "supplemental jurisdiction" as the name indicates, is supplemental to another civil proceeding and usually arose when a party who is already involved in a civil proceeding attempts to bring in a third party by filing a third party complaint. *In re Feifer Industries,* 141 B.R. 450 (Bankr.N.D.Ga.1991); *In re Spaulding & Co.,* 131 B.R. 84 (N.D.Ill. 1990). While this may not be a pre-requisite for seeking to invoke the supplemental jurisdiction, this Court is satisfied that in the present instance there is no factual or legal basis which would support supplemental jurisdiction of the claim asserted in the Second Amended Complaint of Naimoli.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Strike Affidavits (Doc. No. 132) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants Motion to Dismiss the Second Amended complaint (Doc. No. 78) be, and the same is hereby, granted.